O. L. WHITE, Plaintiff-Appellee,
v.
Blanche CALLEY, d/b/a Blanche Calley Insurance Agency, Defendant-Appellant.
No. 6657.
Supreme Court of New Mexico.
Sept. 16, 1960.

Neal & Neal, Hobbs, for appellant.

William J. Heck, Hobbs, for appellee.

MOISE, Justice.

Plaintiff-appellee brought suit against defendant-appellant for losses suffered because of defendant's breach of agreement to increase the amount of fire and extended coverage insurance on a certain rental house of plaintiff located in Jal, New Mexico.

The plaintiff had been engaged in the feed, lumber and building business in Jal for some five years during which time his insurance was handled by defendant, an insurance agent. Plaintiff had in effect a builder's risk policy of $1,000 covering a certain building, which policy by its terms would expire April 16, 1957. On March 9, 1957, plaintiff spoke to defendant and told her he had applied for a bank loan on the property and needed the insurance increased to $4,000, and defendant advised that she would take care of increasing the insurance.

Two days later defendant delivered to plaintiff a policy of insurance on the property insuring against fire and extended coverage, the policy being dated April 16, 1957, and providing for a term of five years from April 16, 1957, and plaintiff paid for the policy that same day.

Plaintiff immediately took the policy to the bank without examining it. Shortly thereafter the bank contacted defendant and complained that no mortgage clause was endorsed on the policy whereupon defendant under date of March 18, 1957, prepared and delivered such a rider to the bank and mailed a copy to plaintiff. The endorsement showed that the term of the

policy to which it was to be attached commenced April 16, 1957.

On March 30, 1957, the building burned with a loss to plaintiff of $2,723. The builder's risk policy had not been cancelled and plaintiff was paid $1,000 under that policy, leaving him with a loss of $1,723, for which amount he was given judgment. This appeal followed.

Defendant complains of error by the district court in entering judgment against her on evidence claimed to be inadmissible as altering the terms of an unambiguous contract.

■ It is defendant's position that any conversations between plaintiff and defendant concerning the procuring of insurance were merged in the insurance policy issued, and that testimony concerning these conversations was inadmissible as varying a written unambiguous agreement. With this position we cannot agree.

The instant suit is not against the insurance company, nor is it on the policy of insurance. Plaintiff admits that the policy delivered to him on March 11, 1957, did not become effective until April 16, 1957. What he complains about is an alleged parol agreement with defendant to see that the property was immediately covered by $4,000 insurance, and failure to abide by the agreement. The action here is of the same kind as Brown v. Cooley, 56 N.M. 630, 247 P.2d 868, wherein the right of a principal to sue his agent for damages resulting from the agent's failure to obtain the insurance coverage as per agreement was upheld. It is a suit against the insurance agent or broker for her breach of an oral agreement. No objection was made at the time of the trial to the testimony concerning conversations resulting in the agreement between the parties, but even if objection had been made, certainly the evidence was admissible and defendant's point I is ruled against her.

■ Defendant next claims that the court erred in denying her the benefit of the affirmative defense of contributory negligence.

The contributory negligence which is asserted as a defense is the failure by plaintiff to note the date of April 16, 1957, as the commencement of the term of the $4,000 policy, it having been delivered to him on March 11, 1957, and he having ample time and opportunity to examine it.

The court did not err in overruling the motion if contributory negligence of plaintiff in not reading and familiarizing himself with the terms of the policy is not a defense to an action such as this. The suit was for breach of contract brought by the principal against his agent, and in such a situation the authorities support the rule that negligence on the part of the plaintiff in not reading the policy is no defense. Ursini v. Goldman, 118 Conn. 554, 173 A. 789;

Harris v. A. P. Nichols Inv. Co., Mo.App. 1930, 25 S.W.2d 484; Shapiro v. Amalgamated Trust & Saving Bank, 283 Ill.App. 243; Israelson v. Williams, 166 App.Div. 25, 151 N.Y.S. 679, appeal dismissed 215 N.Y. 684, 109 N.E. 1079; Hampton Roads Carriers, Inc. v. Boston Ins. Co., D.C., 150 F.Supp. 338. Our attention has not been directed to any cases holding contra.

Finding no error, the judgment is affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY and CHAVEZ, JJ., concur.

NOBLE, J., not participating.