**WINANS CARTER CORPORATION, A NEW JERSEY CORPORATION, PLAINTIFF, v. JAY & BENISCH, A NEW JERSEY PARTNERSHIP, DEFENDANT.**

Superior Court of New Jersey
Law Division

Decided October 29, 1968.

Mr. *Alan R. Chesler* for plaintiff (*Messrs. Lowenstein, Sandler, Brochin & Kohl,* attorneys; *Mr. Chesler* on the brief).

Mr. *Allan Maitlin* for defendant (*Messrs. Feuerstein & Sachs,* attorneys; *Mr. Maitlin* and *Mr. Leonard Rosenstein* on the brief).

CAMARATA, J. S. C. Plaintiff sues defendant, an insurance broker, for failure to change an endorsement on a fire insurance policy written by defendant and issued by Commerce & Industry Insurance Company (Commerce Co.). The suit is in two counts (1) negligence and (2) breach of contract.

Plaintiff seeks summary judgment; defendant seeks leave to file an amended answer to set up the defense of contributory negligence and moves for summary judgment.

From the affidavits and exhibits, no genuine issue of fact appears. The essential facts follow:

Defendant had been writing insurance for plaintiff for at least seven years. Until March 1967 plaintiff had a ware-

house located at South Main Road, Vineland, and during March and April 1967 it moved the warehouse operation to South West Elmer Road, Vineland. On March 14, 1967 plaintiff wrote to defendant informing it that they were in the process of moving to South West Elmer Road and required contents coverage on both the old and new premises, instructing defendant to cancel the old coverage on South Main Road as of March 28.

Defendant on March 17 directed its memorandum to plaintiff acknowledging the move to the new Vineland location at South West Elmer Road and enclosed various binders. Not included was one for the policy which is the subject matter of this suit, written by Commerce Co. in the sum of $15,000. On April 3 plaintiff directed a letter to defendant to cancel all the insurance on the South Main Road address, and amongst other things stated, "make certain that coverage now is on West Elmer Road address." This was pursuant to plaintiff's letter of March 14.

On April 18 defendant by its letter to plaintiff enclosed certain endorsements changing the coverage from South Main Road to South West Elmer Road. The Commerce Co. policy was not included. On the endorsements this legend appears:

"IMPORTANT

This Endorsement forms a part of your Policy and should be attached to the same. Please DO NOT FAIL to have this done."

It is this legend that defendant contends placed a burden on plaintiff to check the endorsements to make sure all policies were changed, and that its failure to do so bars recovery because of plaintiff's alleged contributory negligence.

On September 3, 1967 plaintiff's warehouse at South West Elmer Road was completely destroyed by fire. On the same date defendant was so notified by telephone by plaintiff. Defendant told plaintiff it would report the fire. Plaintiff was paid $82,770 from three companies, the proceeds of the Commerce Co. $15,000 policy was not paid.

On September 26, 1967 defendant wrote to Commerce Co. stating, "I am responsible for this assured."

Defendant admits that it was notified by plaintiff of the new location on March 14, 1967 and that all the companies except Commerce Co. were notified.

To be noted in the letter of September 26, 1967 is the following:

"Mrs. Cannon, who is my secretary, apparently overlooked your contract, which could have happened for several reasons. The probability is that your daily became attached to some other papers and therefore did not come to her attention."

Again, in the letter the following appears:

"We are most distressed because of the errors that occurred in notifying your office. However, the tone of your letter suggested to Ab and myself that perhaps you felt there had been some deliberate action within our office to cover up these errors, which is not the case. I think both Mr. Horn and Mrs. Cannon were attempting to protect me from being upset, and therefore I was not aware of what had occurred. I can assure you that if I had known of the incident, the first thing I would have done would have been to call Mike Connolly or one of the officers to explain the situation."

Commerce Co. refused to date back the endorsement.

On January 29, 1968 plaintiff filed a proof of claim with Commerce Co., prepared by defendant. No explanation is given by defendant for doing so, and the court infers it was trying to rectify its own mistake.

Plaintiff gave defendant ample notice of proposed change of location, with definite instructions for temporary coverage and permanent coverages.

Defendant's admission that the failure to include or change the endorsements on the Commerce Co. policy was due to its employee, Mrs. Cannon, did not, nor does it not, relieve defendant of the responsibility to have done so. Its failure was a breach of the duty it owed to plaintiff. See *Rider v. Lynch*, 42 *N. J.* 465, 477 (1964).

For determination is defendant's proposed defense of contributory negligence. The facts in the instant case are distinguishable from those in *Schustrin v. Globe Indemnity Co. of New York*, 44 *N. J. Super.* 462 (*App. Div.* 1957). In that case the suit was against the broker for negligence in *failing* to obtain a workmen's compensation policy; the defense was contributory negligence. In the instant case plaintiff's suit is for breach of contract and negligence.

This court has not been referred to a New Jersey case precisely in point with the situation before it. There are cases in other jurisdictions which suggest that the defense of contributory negligence to an action for breach of contract is not available.

In *White v. Calley*, 67 *N. M.* 343, 355 *P. 2d* 280 (*Sup. Ct.* 1960), the suit was by the insured for losses incurred because of the agent's *breach of an agreement* to increase the amount of insurance. Defendant set up the defense of contributory negligence contending that plaintiff had ample time and opportunity to examine the policy forwarded to it. The court said:

"The court did not err in overruling the motion of contributory negligence of plaintiff in not reading and familiarizing himself with the terms of the policy is not a defense to an action such as this. The suit was for a *breach of contract* brought by the principal against his agent, and in such a situation the authorities support the rule that *negligence on the part of the plaintiff in not reading the policy is no defense.*" (355 *P. 2d*, at *p.* 281; emphasis added)

In *Carter v. Hawaii Transportation Co.*, 201 *F. Supp.* 301 (*D. Hawaii* 1961), the suit was for a copyright infringement. Defendant charged plaintiff with contributory negligence in not checking the brochure in question. The court said that "*Contributory negligence* is not a defense to a breach of contract. 17 *C. J. S. Contracts* § 525, *p.* 1149." (At *p.* 303; emphasis added)

In *Fresno Air Service v. Wood*, 232 *Cal. App. 2d* 801, 43 *Cal. Rptr.* 276 (*D. Ct. App.* 1965), the suit was for damages to plaintiff's airplane when defendant, who chartered it, at-

tempted to fly it. Defendant set up a defense of contributory negligence in that plaintiff left the keys in the airplane. The court said:

"Assumption of risk and *contributory negligence* appear to fall within the general field of trespass and negligence regarding personal injury actions and hence are not applicable as theories of law and defenses to actions for trespass to personal property or for breach of contract." (43 Cal. Rptr., at *p.* 279; emphasis added)

This court adopts the rationale of the cited cases to the instant case and concludes that plaintiff's alleged contributory negligence is not a defense to its suit for breach of contract. The defense of contributory negligence is not a bar to plaintiff's suit for negligence. *Rider v. Lynch, supra,* where the court said (42 *N. J.,* at *page* 482), "nor will such failure support a defense of contributory negligence."

Summary judgment for plaintiff in the sum of $15,000, plus interest and costs.

Defendant's application to amend its answer to set up the defense of contributory negligence is denied. Defendant's motion for summary judgment is denied.