HORTON, Judge.
This appeal seeks review of a final decree in a divorce action. The appellant-wife sought a divorce in the court below against the appellee-husband on the grounds of extreme cruelty and habitual indulgence in a violent and ungovernable temper. The court below denied the appellant a divorce and dismissed the complaint with prejudice; awarded custody of the minor child to the appellee-husband; denied the appellant alimony, costs or counsel fee; denied the ap-pellee’s counterclaim for divorce and retained jurisdiction of the cause to enforce the decree and to make any further orders regarding the custody of the minor child.
Appellant urges three grounds for reversal of the decree, namely, (1) whether or not the chancellor erred in denying the appellant-wife a divorce; (2) whether the chancellor erred in granting custody of the minor child to the appellee-husband; and (3) whether the chancellor erred in failing to award appellant attorneys fees and costs.
Due to the decision reached by this court as will be hereinafter set out, we deem it necessary to discuss only the appellant’s first proposition. The final decree was predicated upon findings of fact made by the chancellor, namely that appellant had not proven grounds for divorce. This finding was premised on the appellant’s alleged mental illness and the provocation which *412 her illness allegedly produced. The chancellor recognized that the physical acts of cruelty by the appellee which apparently he considered proven would normally constitute acts of cruelty justifying a divorce, but due to appellant’s condition were justifiable. Upon the same premise, the court concluded that the appellant would not be a fit person to have custody of the minor child of the parties.
Generally an appellate court will not disturb a chancellor’s decree on the facts unless the evidence clearly shows that the decree is erroneous or where his findings are manifestly against the weight of the evidence or are contrary to the legal effect of the evidence. Likewise, an appellate court will not hesitate to reverse a decree where the findings do not proceed from a consideration of the evidence in the light of applicable principles of law or where the chancellor misinterpreted the probative force of the evidence or was guided by considerations outside the evidence. 2 Fla.Jur., § 348, pp. 605-6.
The appellant’s complaint for divorce charged the appellee not only with physical acts of cruelty but acts constituting mental cruelty. As to the latter acts, the complaint in part alleges:
“Defendant has repeatedly accused plaintiff of being insane and constantly threatens to have her committed to a mental institution by force. On many occasions the defendant has told the plaintiff and her friends and relatives that she is insane; * *
The appellee answered the complaint by a denial of these and the other material allegations and in addition, counterclaimed for divorce upon the grounds of extreme cruelty and habitual indulgence in a violent and ungovernable temper. However, at the beginning of the final hearing, counsel for the appellee announced to the court that the divorce action by the appellant would not be contested but only those matters in dispute that would support the appellee’s contention of insanity on the part of the appellant.
Therefore, the main issue before the court at the conclusion of the testimony was whether or not the appellant had made a prima facie case entitling her to a divorce. The appellee, by his announcement, obviously was not contesting the issue of divorce. We have carefully considered all of the testimony and are compelled to the conclusion that appellant offered proof sufficient to sustain a decree of divorce in her favor.
Assuming, without deciding, that the chancellor was correct in his conclusion that the physical acts of cruelty on the part of the appellee were justified in light of the provocation occasioned by appellant’s illness, we nevertheless fail to see how such provocation could justify the acts of mental cruelty charged and proven. The appel-lee testified that Dr. Wright, a psychiatrist, who had treated the appellant some 31 times, had advised him to slap the appellant when she got to the screaming stage. This was categorically denied by Dr. Wright, who also denied that he had suggested to the appellee that appellant be picked up by the police and committed.
If, as the chancellor concluded, the appellant was suffering from a mental illness, we can conceive of few things more conducive to mental anguish and torture than to threaten her with commitment to a mental institution or to constantly remind her of her illness by accusing her of being insane. The Supreme Court of Florida has held, on occasions so numerous that we feel it would be belaboring the point to cite their cases in support thereof, that cruelty may depend to a considerable extent upon the mental and physical condition of the offended spouse. Conduct which would not offend a spouse in good health may be cruel when the spouse is physically ill or mentally distraught. See 10 Fla.Jur., § 18, p. 432 and cases cited thereunder. The effect of the appellee’s conduct toward the appellant is apparent from the testimony in this case. As we have said, if the appellant was suffering from a mental illness as the chancellor concluded she was, then such condi *413 tion would, in our opinion, require a degree of restraint on the part of the appellee-husband which was not demonstrated by this record.
Accordingly, we conclude that portion of the decree denying the appellant a divorce was error. The decree insofar as it denies the appellant a divorce is reversed with directions that a decree of divorce be entered in favor of the appellant-wife, at which time the chancellor should consider an award of alimony or support to the appellant-wife as well as counsel fees for her attorneys and costs of the proceedings. In all other respects the decree is affirmed.
Affirmed in part and reversed in part with directions.
CARROLL, CHAS., C. J., and PEARSON, J., concur.