390 P.2d 278

Max O. JERNIGAN, Plaintiff-Appellee and Cross-Appellant,

v.

NEW AMSTERDAM CASUALTY COMPANY, Defendant-Appellee,

and

Werntz Agency, Inc., Defendant-Appellant and Cross-Appellee.

No. 7329.

Supreme Court of New Mexico.

March 9, 1964.

Bingham & Klecan, Albuquerque, for appellee and cross-appellant Max O. Jernigan.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Joseph J. Mullins, Albuquerque, for appellee New Amsterdam Casualty Co.

Merritt W. Oldaker, Roy F. Miller, Jr., William H. Oldaker, Albuquerque, for appellant and cross-appellee Werntz Agency, Inc.

COMPTON, Chief Justice.

This is the third appeal arising out of the facts of this case. Jernigan v. Clark and Day Exploration Company and New Amsterdam Casualty Company, 65 N.M. 355, 337 P.2d 614; Jernigan v. New Amsterdam Casualty Company and Werntz Agency, Inc., 69 N.M. 336, 367 P.2d 519. The first action was based directly on a workmen's compensation policy issued by New Amsterdam Casualty Company to the partnership of Clark and Day Exploration Company, of which the plaintiff was a working partner, and covering all its employees. We reversed because the policy on its face did not provide coverage for the partners. Upon reversal, the first case was dismissed and this action was brought by the plaintiff, a working partner of the partnership, against New Amsterdam Casualty Company

to recover compensation based on the formula provided by the Act since the salaries of the working partners had been included by the company in determining amounts of premiums on the policy delivered by it, and, in the alternative, to recover damages against Werntz Agency, Inc. for its negligence in failing to secure the coverage agreed upon. The trial court dismissed the latter action and we reversed, holding that the complaint stated grounds for relief. The cause was finally tried to a jury and, from a judgment on the verdict for both the plaintiff and New Amsterdam Casualty Company, the defendant, Werntz Agency, Inc., has appealed. The plaintiff has cross-appealed from the judgment in favor of New Amsterdam Casualty Company.

For convenience the parties will be referred to as follows: Max O. Jernigan as plaintiff; Clark and Day Exploration Company, a partnership, as Clark and Day; New Amsterdam Casualty Company as New Amsterdam; Werntz Agency, Inc., as Werntz Agency; Joseph L. Werntz as Werntz; and Jack Frizzel as Frizzel.

The appellant presents his appeal under the following points:

*"POINTS TO BE RELIED ON FOR REVERSAL*

"I

"THE COURT ERRED IN REFUSING TO GRANT WERNTZ AGEN-CY'S MOTIONS FOR A DIRECTED VERDICT MADE AT THE CLOSE OF PLAINTIFF'S CASE, AT THE CLOSE OF NEW AMSTERDAM'S CASE AND AT THE CLOSE OF ALL THE EVIDENCE.

"A. PLAINTIFF WHOLLY FAILED TO ESTABLISH THE ESSENTIAL ALLEGATIONS OF THE AMENDED COMPLAINT.

"B. PLAINTIFF FAILED TO ADDUCE SUFFICIENT EVIDENCE ESTABLISHING A RIGHT TO RECOVER UNDER THE LAW.

"C. PLAINTIFF IS NOT ENTITLED TO RECOVER AS A MATTER OF LAW FOR THE REASON THAT RECOVERY UNDER SUCH A POLICY AS SOUGHT BY PLAINTIFF IS BARRED.

"D. WERNTZ AGENCY WAS AT ALL TIMES PERTINENT HERETO ACTING AS AGENT FOR NEW AMSTERDAM, ITS DISCLOSED PRINCIPAL.

"II

"THE COURT ERRED IN REFUSING TO SET ASIDE THE VERDICT AND ENTER JUDGMENT FOR WERNTZ AGENCY FOR THE

**40**

REASON THAT THE VERDICT IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE OF RECORD THAT THE ACCIDENT OF AUGUST 15, 1957 WAS THE MOST PROBABLE CAUSE OF THE DISABILITY OF WHICH PLAINTIFF COMPLAINS."

While legal questions are raised, if we understand the points correctly, in the main, they challenge the sufficiency of the evidence to support the verdict. The questions for our determination are, (a) whether the plaintiff sustained a compensable injury, (b) whether Werntz Agency agreed to undertake and secure coverage for the partnership, and negligently failed to do so, (c) whether Werntz Agency in dealing with the plaintiff was acting within the scope of its authority with New Amsterdam, and (d) whether recovery is barred.

■ We think the evidence amply supports the verdict. We relate some of the pertinent facts. Plaintiff and Frizzel were working partners of the partnership, spending most of their time in exploratory work in the field. The partnership was formed July 25, 1955 and, on November 16, 1956, Frizzel contacted Werntz of the Werntz Agency and requested him to obtain a policy of workmen's compensation to cover the working partners of the partnership and its employees. There was some discussion at this time whether coverage could be obtained for the partners, nevertheless, Werntz, with many years experience in the insurance field, agreed to submit the request to New Amsterdam and to advise Frizzel of the results. Under date of November 12, 1956, Werntz submitted a memorandum to New Amsterdam requesting such coverage, and that coverage for the working partners be endorsed on the policy. Under date of November 20, 1956, New Amsterdam responded by letter to the effect that if Clark and Day were a partnership, New Amsterdam would be unable to provide coverage for any of the partners. Werntz advised Frizzel accordingly but agreed to further pursue the matter of coverage for the partners. On November 27, 1956, he advised New Amsterdam by letter that Clark and Day was a partnership and again renewed his request for coverage and that coverage for the working partners be endorsed on the policy.

Shortly after the November 27, 1956 letter, New Amsterdam issued a Workmen's Compensation and Employers' Liability Policy to Clark and Day covering "all employees including drivers, chauffeurs and their helpers" for a period of one year, from November 16, 1956 to November 16, 1957, with premiums thereon based on the salaries of the working partners, and mailed the same to Werntz for delivery. Coverage for the working partners as Werntz had requested was not endorsed on the policy,

however, before the policy was received by Werntz, a Mr. Bratton, an underwriter for New Amsterdam, contacted Werntz Agency by phone and advised it that the policy did not provide coverage for the working partners. Upon receipt of the policy by Werntz Agency, it was mailed to Clark and Day without mentioning the fact that the working partners were not covered. At no time did Frizzel request Werntz to secure coverage for partnership employees only.

Under date of August 15, 1957, appellant sustained an injury while loading groceries and partnership equipment. Relying upon the policy he submitted a claim to New Amsterdam for compensation, which was refused; its refusal was sustained as previously stated. Jernigan v. Clark and Day Exploration Company and New Amsterdam Casualty Company, supra.

It is our conclusion that the delivery of the policy by Werntz in the manner stated was an effective assurance by him that the working partners were covered, and its failure to do so renders Werntz Agency liable in damages in amount the plaintiff would have recovered under the policy had it been delivered as requested. Compare Jernigan v. New Amsterdam Casualty Company and Werntz Agency, Inc., supra; Brown v. Cooley, 56 N.M. 630, 247 P.2d 868; White v. Calley, 67 N.M. 343, 355 P.2d 280. See also Anno. 29 A.L.R.2d 171.

Plaintiff had sustained a previous injury for which compensation was sought and the cases were consolidated for trial. Appellant strongly insists that the evidence does not support a finding that the August 15, 1957 injury was the most probable cause of appellee's disability. While there is evidence in conflict with plaintiff's versions as to the injury causing disability, the jury having found on substantial evidence that the latter injury was the cause, its verdict will not be disturbed on appeal. Herrera v. C & R Paving Co., 73 N.M. 237, 387 P.2d 339.

Werntz contends that the court erred in refusing his motion for a trial amendment to plead the statute of limitations provided by the Workmen's Compensation Act as a bar to the action. This contention is without merit. While compensation was first sought under the Act against Clark and Day and New Amsterdam, the action against Werntz Agency was one for damages for its negligent conduct in failing to secure the coverage agreed upon. In this situation the statute limiting the time for filing the action under the Act does not apply.

Werntz contends further that since he was acting as agent for New Amsterdam, the disclosed principal, there can be no agency liability. Admittedly, Werntz Agency generally was New Amsterdam's authorized agent, but New Amsterdam affirmatively al-

**42**

leged, and the jury so found, that Werntz Agency was not acting for or in its behalf respecting matters of which plaintiff here complains.

Plaintiff's cross-appeal is to be considered only in the event the judgment against Werntz is reversed. In view of the conclusion reached, the cross-appeal becomes moot.

Appellee moves for the allowance of fees for the services of his attorneys in representing him in this court in the former appeal and in this one. Appellant objects to the allowance of attorney fees for the first appeal on the theory the trial court in allowing attorney fees took into consideration the services rendered by counsel on the first appeal. Looking at the award made, this seems likely. With regard to attorney fees in the present appeal he makes no objection. Rather, he tacitly agrees that an award for attorney fees follows as a matter of course if appellee is successful here. Consequently, without deciding the basic question whether attorney fees are recoverable as a matter of right, appellee is awarded $750.00 for the services of his attorneys in representing him in this appeal.

The judgment should be affirmed, and it is so ordered.

CHAVEZ, J., concurs.

CARMODY, J., concurs in the result only.