ALLEN, Acting Chief Judge.
The appellants, Julia Novak and Stephen Sulin, who were petitioners below, have appealed an adverse final order denying their petition for revocation of probate of the will of Nick Sulin.
The petitioners below attempted to prove that Nick Sulin was incompetent to make a will at the time of the execution of the will in question, “or that in the, alternative,” the execution of said will was the result of undue influence.
The testimony adduced before the probate judge was conflicting and the trial judge expressed the view that he considered the evidence submitted from both sides to be of equal weight. He indicated that for this reason the appellants had failed to sustain the proof necessary for him to revoke probate of the will.
The appellee, George Sulin, Executor of this estate, filed a cross-assignment of error asserting that the lower court erred in assessing all costs incurred in connection with the petition for revocation of probate against the Estate of Nick Sulin, deceased.
We shall affirm the trial judge in his denial of the revocation of probate but shall reverse him in the assessment of all costs in the case against the Estate of Nick Sulin, deceased, and send the case back to the trial court for another hearing on the issue of costs alone.
The appellants are one brother and one sister of the decedent, who were named co-executors and beneficiaries under a will executed in Ohio in 1961, but neither of whom were named as coexecutors in the August 10, 1964 will, which is the one subject to attack in this case.
The decedent, Nick Sulin, retired in 1960 and lived with certain members of his family from 1960 through October of 1963, when he moved to Florida and bought a home in New Port Richey. Mr. Sulin, whose academic education was limited, never married and, ’ upon his death, left three brothers and four sisters surviving him. Mr. Sulin’s death, which occurred on December 15, 1964, was attributed to. a heart attack on November 5,1964. His estate, for probate purposes, has been valued at approximately $90,000.00.
There was evidence that Julia Novak came to Florida at the time Nick Sulin purchased his new home in 1963. She returned in April, 1964, and stayed until the first part of May, 1964. Apparently, from the evidence, she was not too welcome on this latter visit, as she was not allowed the use of decedent’s car and had to have her *30 friends drive her to the airport in a truck when she left.
Another sister, Anna Palisin, and her husband came to Florida in July, 1964. Mr. and Mrs. Palisin visited a lawyer’s office with the decedent to have a new will made. However, the Palisins left Florida eleven days before the decedent gave his attorney certain legacies he wanted to bequest to his brothers and sisters and before he had decided on the residuary legatees and devisees to his new will.
The attorney who drew the new will had known Nick Sulin since November, 1963, and had seen him on August 29, 1964. This attorney testified at the trial that the will had been properly executed and that' the Testator was competent on August 10, 1964, the date the will was signed.
The principal differences between the will of 1964 and the 1961 will is that Anna Palisin and George Sulin were named co-executors, whereas the petitioners and Anna Palisin had been named co-executors in the 1961 will. There had also been added in the 1964 will a residual clause giving the residue of the estate equally to a local hospital and a local Baptist church. Petitioners made much of the .fact that the Baptist church was included since the lawyer, who drew the will, was a Baptist. Both of the wills named each of the surviving brothers and sisters of the Testator and set out bequests for each, or the lack of bequests for each, and there was a difference in the amounts given to the different brothers and sisters in the two wills.
The appellant, Julia Novak, received an unknown amount of Government bonds to-which reference was made in the will; she also received the contents of two safety deposit boxes of which no record is available, it being alleged that the day after Nick Sulin’s death she gained admittance to one of the safety deposit boxes by making a false statement. The alleged statement was to the effect that Nick Sulin was still alive on December 16, 1964, when she knew, in fact, that he had died the previous day; and she received the proceeds of certain joint bank accounts which she and the deceased had together.
Certain post-trial motions were made by appellants, including a motion for new trial. However, these motions had not been ruled upon at the time notice of appeal was filed in this case. Thus, for purposes of this appeal those motions have been abandoned by appellants.
As we stated in Bannister v. Hart, Fla.App.1962, 144 So.2d 853:
“We hold that the appellants, by taking an appeal from the final judgment prior to the entering of a written order on their motions for new trial and judgment n. o. v., abandoned their said motions. * * * >f
The appellants adduced the testimony of two physicians, and the appellee also used a physician, who testified from the records adduced during the trial that there was nothing therein from which he could determine that several months before, at the time of the making of the will in question, Nick Sulin was incompetent.
The appellee had several witnesses that knew Nick Sulin, associated with him, and testified that he was competent to make the will in question.
The lower court judge had sufficient and substantial evidence before him to uphold the competency of Nick Sulin to make the will in question and we affirm his decision in this matter.
On the issue of all costs incurred in connection with the petition for revocation of probate being assessed against the Estate of Nick Sulin, deceased, we think that the lower court erred. We therefore reverse this order with directions to the lower court to have a new hearing on the question of costs, since we believe that the contestants *31 should bear at least a large percentage of the costs in this case instead of the estate bearing all of the costs.
Affirmed in part, reversed in part.
PIERCE and HOBSON, JJ., concur.