391 So.2d 234 (1980)
Ann SHERIDAN and Nationwide Underwriters, Inc., Appellants,
v.
Allen GREENBERG and Woodrow Kaiser, Appellees.
No. 80-52.
District Court of Appeal of Florida, Third District.
November 25, 1980.
Rehearing Denied January 9, 1981.
*235 Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Miami, for appellants.
Joel V. Lumer, Adams & Ward, Neil Chonin, Miami, for appellees.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Allen Greenberg, desirous of procuring a workmen's compensation insurance policy covering himself and other employees of his small lawn mowing business, contacted Woodrow Kaiser, his regular insurance agent. Kaiser, unable to place the policy with the company he represented, called another insurance agent, Ann Sheridan. Kaiser and Sheridan made arrangements for the policy on the telephone, and Sheridan procured a policy for Greenberg through Nationwide Underwriters, Inc.
Greenberg later suffered a job-related injury and filed a workmen's compensation claim with Nationwide. Nationwide successfully denied coverage, because Greenberg, the employer, was not listed as an insured.[1] Greenberg sued Kaiser, Sheridan and Nationwide, as Sheridan's principal, for damages arising from their negligent failure to procure coverage for Greenberg. Sheridan and Nationwide cross-claimed against Kaiser, alleging that Kaiser's negligence was the cause of Greenberg's damages. The jury returned a verdict for *236 Greenberg against Sheridan and Nationwide, but found Kaiser not negligent. From the judgment entered thereon and a separate award of attorneys' fees to Greenberg, Sheridan and Nationwide appeal.

The Jury Instruction.
The trial court, over Sheridan and Nationwide's repeated objections, instructed the jury that:
"An insurance agent who undertakes for compensation or other benefit the responsibility of procuring the issuance of an insurance policy, then that agent must exercise a reasonable degree of skill and care to insure that the coverage sought is appropriate, including all steps necessary to afford coverage." (emphasis supplied).
Sheridan claims that the instruction misstates the law and that, since it was undisputed that Kaiser received no compensation, the giving of the instruction was tantamount to directing the jury to return a verdict for Kaiser.
An insurance agent who voluntarily, without consideration or expectation of remuneration or reward, agrees to procure a policy is liable for damages that result from his failure to do so. Reed Mfg. Co. v. Wurts, 187 Ill. App. 378 (1914). Reliance by the putative insured on the insurance agent's undertaking, even if that undertaking is gratuitous, is sufficient to trigger a duty upon the agent to exercise the reasonable skill and care to obtain the appropriate coverage. Colonial Savings Association v. Taylor, 544 S.W.2d 116 (Tex. 1976); Graddon v. Knight, 138 Cal. App.2d 577, 292 P.2d 632 (1956); Lusk-Harbison-Jones v. Universal Credit Co., 164 Miss. 693, 145 So. 623 (1933); Siegel v. Spear & Co., 234 N.Y. 479, 138 N.E. 414 (1923);[2] Couch on Insurance 2d, § 25.33 (1960). See also Restatement (Second) of Torts, Section 323 (1965) ("one who undertakes, gratuitously or for consideration, to render service to another which he should recognize as necessary for the protection of the other's person" is subject to liability for harm suffered because of the other's reliance on the undertaking).[3] We hold, therefore, that the instruction was error. We hold further that this error clearly prejudiced Sheridan and Nationwide in their cross-claims against Kaiser.[4]

Attorneys' Fees.
The issue we now address is whether Greenberg, having recovered judgment against Sheridan and Nationwide for negligent failure to procure workmen's compensation coverage, may recover attorneys' fees in this action.
The fundamental rule in Florida is that attorneys' fees are in derogation of the common law and will only be granted pursuant to a contractual agreement or statutory authority. Any statute allowing an award of fees will be strictly construed. Roberts v. Carter, 350 So.2d 78 (Fla. 1977); Sunbeam Enterprises, Inc. v. Upthegrove, 316 So.2d 34 (Fla. 1975).
In Roberts v. Carter, supra, the Florida Supreme Court held that under Section 627.428(1), Florida Statutes (1975), a part of Florida's Insurance Code, only persons *237 named in the statute as authorized to recover attorneys' fees could, in fact, do so. Section 627.428(1) provides:
"Upon ... judgment ... against an insurer and in favor of an insured or the named beneficiary under a policy ... the ... court ... shall [award] . .. attorneys' fees." (emphasis supplied).
The court held that only "the contracting insured, the insured's estate, specifically named beneficiaries and third parties who have coverage through assignment" may recover attorneys' fees. See also Smith v. Conlon, 355 So.2d 859 (Fla. 3d DCA 1978). The statute's purpose, according to the court in Roberts, "is to discourage contesting valid claims by insureds against insurance companies."
Greenberg correctly says that his action against Sheridan does not arise under the Insurance Code and that the trial court's fee award was not made under Section 627.428(1). He argues that therefore Roberts is not controlling. His argument proves too much. If the award of attorneys' fees to him is not pursuant to any statutory authority (it being undisputed that there was no contractual arrangement for fees), there is no authority at all for a fee award.[5]
Greenberg points to Duncanson v. Service First, Inc., 157 So.2d 696 (Fla. 3d DCA 1963), as stating a contrary rule. A close examination of Duncanson tells us otherwise. In Duncanson, a person named Wilson went to Service First, Inc., her insurance agent, to renew her automobile liability policy. Service First undertook to renew the policy, but failed to do so. Wilson was later involved in an automobile collision and was sued by Duncanson. Wilson made a demand upon Service First to defend her against Duncanson's suit, and Service First refused.
We said in Duncanson that Service First was liable to Wilson to the extent of the prior policy, not only for the amounts assessed against Wilson in Duncanson's action against her, but also was "required to pay a reasonable attorney's fee for the defense of the suit instituted by Duncanson against Wilson...." 157 So.2d at 699. Duncanson merely holds that where one of the provisions of an insurance contract is to provide a defense to the insured, a breach of that contract causing the insured to expend attorneys' fees in providing for his own defense is an element of damages in a later suit against the insurer.[6]
Duncanson does not, therefore, represent a departure from the fundamental rule that attorneys' fees will be awarded only pursuant to contract or statute. That rule concerns itself with attorneys' fees for prosecuting or defending the action itself, not attorneys' fees as an element of damages to be recovered within the action. Where, as here, the fees sought to be recovered by Greenberg were those incurred during the lawsuit against Sheridan and Kaiser, they are not recoverable. Compare Tidwell v. Witherspoon, 21 Fla. 359 (1885) (holding that in an action for malicious prosecution the plaintiff is entitled to recover damages not only for his unlawful arrest and imprisonment, but also for expenses of his defense); Bondy v. Royal Indemnity Co., 134 Fla. 776, 184 So. 241 (1938) (holding that "in order to recover damages, including attorneys' fees, for the damages consequent upon the improper suing out of the writ of attachment the proceedings must be begun ... as a proceeding to dissolve the attachment and not as a trial of the case on the merits."); City of Miami Beach v. Bretagna, 190 So.2d 364 (Fla. 3d DCA 1966) *238 (holding in a false imprisonment action that the plaintiff is not entitled to recover attorneys' fees unless the services were to secure his discharge from the illegal restraint); Susman v. Schuler, 328 So.2d 30 (Fla. 3d DCA 1976) (holding in a slander of title action that attorneys' fees are recoverable as part of the costs of removing the cloud from the title). See also Ellis v. Flink, 374 So.2d 4 (Fla. 1979) (dissenting opinion) ("attorneys' fees may be a proper element of damages when they are incurred in litigation or for legal services other than that involved in the main action, which litigation or other legal services were made necessary by the breach or violation being sued upon.")[7]; Martin v. Paskow, 339 So.2d 266 (Fla. 3d DCA 1976); Glusman v. Lieberman, 285 So.2d 29 (Fla. 4th DCA 1973).

Conclusion
Greenberg has not appealed from the judgment of non-liability in favor of Kaiser. Thus, we need not consider the effect of the erroneous jury instruction on Greenberg's claim against Kaiser. Since the instruction had no effect on Greenberg's claim against Sheridan and Nationwide, we affirm that part of the final judgment awarding damages to Greenberg against Sheridan and Nationwide Underwriters, Inc.
The erroneous instruction did, however, impact the cross-claim of Sheridan and Nationwide Underwriters, Inc. against Kaiser. We reverse that part of the final judgment entered in favor of Kaiser on the cross-claims of Sheridan and Nationwide Underwriters, Inc. and remand the cause for a new trial on the cross-claims.
Finally, we reverse the order granting attorneys' fees in favor of Greenberg and deny Greenberg's motion for attorneys' fees in connection with this appeal.
Affirmed in part; reversed in part.
NOTES
[1] In order for a proprietor of a business to be covered under a workmen's compensation policy, notice must be filed with the Division of Worker's Compensation, § 440.05(2), Fla. Stat. (1975), and he must be listed as an insured on the policy.
[2] Other cases reach the same result by holding that although consideration is required, the requirement is satisfied by the exchange of mutual promises I'll get you the coverage; I'll accept the policy. See, e.g., First National Insurance Agency v. Leesburg Transfer & Storage, 139 So.2d 476 (Fla. 2d DCA 1962); Glisson v. Stone, 4 Tenn. App. 71 (1926); Elam v. Smithdeal Realty & Insurance Co., 182 N.C. 599, 109 S.E. 632 (1921). Had the instruction in the present case used the word "consideration" instead of the words "compensation or other benefit," and had the court defined consideration to include mutual promises, we might agree with Kaiser that no error was committed.
[3] Neither deMarlor v. Foley Carter Insurance Company, 386 So.2d 22 (Fla. 2d DCA 1980), nor Cat'n Fiddle, Inc. v. Century Insurance Co., 200 So.2d 208 (Fla. 3d DCA 1967), upon which the parties variously rely, involve gratuitous undertakings.
[4] Kaiser argues that the instruction, if error, is harmless in light of the jury's special findings that Kaiser was not Greenberg's agent and Kaiser was not negligent. We reject this argument, since the jury may have found no agency and no duty (therefore, no negligence) by being told that a finding of compensation or other benefit was a predicate.
[5] The attorneys' fees section of the Workmen's Compensation Act, § 440.34, Fla. Stat. (1975), cannot provide the basis for an award here. The insurance carrier was not unsuccessful in resisting the payment of compensation to Greenberg, a predicate to the recovery of attorneys' fees under the Act.
[6] Greenberg's reliance on Jernigan v. New Amsterdam Casualty Company, 74 N.M. 37, 390 P.2d 278 (1964), a factually parallel case, is also unavailing. In Jernigan, the court expressly declined to decide whether attorneys' fees were recoverable as of right where the insurance agent failed to procure a workmen's compensation policy. Instead, the court awarded fees based on the tacit agreement of the insurer to the award.
[7] In Ellis v. Flink, the majority discharged the writ of certiorari upon a finding that the conflict required by the Constitution did not exist.