448 So.2d 609 (1984)
Dorothy Helen DAYTON, M.D., Mary Johnson, Anne Cooper, Laurie Cauthen, Marcie Lynn Conger and George Drew Conger, Appellants,
v.
Thomas A. CONGER, Appellee.
No. 83-1654.
District Court of Appeal of Florida, Third District.
April 17, 1984.
*610 Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Michael P. Andersen, Miami, for appellants.
Sparber, Shevin, Shapo & Heilbronner and Jeffrey M. Weissman, Miami, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
NESBITT, Judge.
Various beneficiaries of decedent's estate appeal an order awarding a trustee of estate assets attorney's fees and costs in connection with an action instituted by him to set aside the exercise of a power of appointment. We reverse in part and affirm in part.
Under the terms of decedent's will, appellee was named sole trustee of several testamentary trusts, including a marital trust. By the provisions of the marital trust, the decedent's spouse was given a special inter vivos power of appointment in favor of decedent's descendants over the trust assets. The spouse purportedly exercised *611 this power in favor of the beneficiaries herein, giving them some of the assets outright and other assets in trust. The trustee, thereupon, filed a petition to declare the exercise of the power ineffective. After trial on the issues raised in the petition, the probate court found that the decedent's spouse lacked capacity to execute the exercise, that the exercise was the product of undue influence by the beneficiaries, and that the exercise distributed assets in a manner contrary to the decedent's intent. Thus, the court declared the exercise ineffective. These findings of the probate court were not appealed.
Subsequently, the trustee filed a petition for assessment and allocation of interim attorney's fees and for partial distribution. The order appealed from granted $50,000 in attorney's fees and $4,626.25 in costs as a result of the action to set aside the exercise of the power of appointment. The court found the beneficiaries personally and jointly and severally liable for the above sums. The order directed, however, that the money be paid from their shares in the estate, and that execution on nonestate assets be stayed until good cause is shown or if the beneficiaries' estate assets are insufficient.
The first issue presented is whether the beneficiaries can be held personally liable for attorney's fees thus subjecting their non-estate assets to execution. The trial court, relying on Sheridan v. Greenberg, 391 So.2d 234 (Fla. 3d DCA 1980), found that the beneficiaries could be held personally liable. We disagree.
We held, in Sheridan, that where the fees sought are those incurred during the lawsuit between the parties, the rule is that attorney's fees will be awarded only pursuant to a contract or statute. 391 So.2d at 236-37. We then distinguished those cases which allowed recovery of attorney's fees as an element of damages within a lawsuit. Sheridan, 391 So.2d at 237. See Tidwell v. Witherspoon, 21 Fla. 359 (1885) (attorney's fees incurred in defending a prosecution are recoverable as an element of damages in a malicious prosecution action); Bondy v. Royal Indemnity Co., 134 Fla. 776, 184 So. 241 (1938) (attorney's fees incurred in dissolving an improperly sued out writ of attachment are recoverable as an element of damages in a subsequent action); Susman v. Schuyler, 328 So.2d 30 (Fla. 3d DCA 1976) (attorney's fees incurred in removing the cloud from one's title are recoverable as an element of damages in a slander of title action). In those situations, the rule requiring contractual or statutory authority to award attorney's fees is inapplicable. In other words, pure attorney's fees incurred in prosecuting or defending the action itself may only be awarded under the general rule requiring a statute or contract, but attorney's fees allowed as special damages do not fall within this general rule. Glusman v. Lieberman, 285 So.2d 29, 31 (Fla. 4th DCA 1973). Because we find that this case, like Sheridan, involves a claim for fees for prosecuting the action itself, we find such an award is only permissible if provided for by statute or contract.
Although section 733.106(3), Florida Statutes (1983), provides for awarding fees for services rendered to the estate by attorneys, it must be strictly construed. Roberts v. Carter, 350 So.2d 78 (Fla. 1977). So construed, it does not authorize the imposition of personal liability upon the beneficiary for the attorney's fees at issue here. Recognizing that attorney's fees may not be awarded against a party in the absence of a valid statute, Sanchez v. Sanchez, 435 So.2d 347, 350 (Fla. 3d DCA 1983), and finding no other statutory authorization, we conclude that the beneficiaries cannot be held personally liable.
The next issue presented is whether the probate court properly ordered that the attorney's fees be paid out of the beneficiaries' shares of the estate. Section 733.106(4) provides:
When ... attorney fees are to be paid out of the estate, the court may, in its discretion, direct from what part of the estate they shall be paid.
*612 This provision gives the probate court latitude in determining which assets of the estate should be used to pay attorney's fees. The statute authorizes the court to order that attorney's fees be borne unequally by different portions of the estate when warranted by appropriate circumstances. Here, the probate court, finding the beneficiaries had been guilty of wrongdoing, was acting within its discretion authorized by the statute when it ordered that the attorney's fees be paid out of the beneficiaries' shares of the estate.
The final issue presented is whether the portion of the court's order assessing costs against the beneficiaries personally was proper. In any probate proceeding, the court may award costs as in chancery actions. § 733.106(1) Fla. Stat. (1983). The rule in chancery cases is that a court of equity may, as justice requires, order that costs follow the result of the suit, apportion the costs between the parties, or require all costs be paid by the prevailing party. Akins v. Bethea, 160 Fla. 99, 33 So.2d 638, 640 (1948). Here, the probate court found that the beneficiaries had wrongfully procured the exercise of the power of appointment. It was well within the court's discretion, therefore, to tax the court costs against the losing beneficiaries. In re Estate of Sulin, 204 So.2d 28 (Fla. 2d DCA 1967). Of course, the probate court could also order these costs be paid out of the beneficiaries' interest in the estate. § 733.106(4).
For the foregoing reasons, the portions of the probate court's order imposing personal liability on the beneficiaries for attorney's fees is reversed; the portions of the order directing that attorney's fees be paid out of the beneficiaries' shares of the estate, and imposing personal liability on the beneficiaries for costs are affirmed.
Reversed in part and affirmed in part.