UPCHURCH, Chief Judge.
Appellants appeal a final judgment awarding compensatory and punitive damages to appellees Jeffrey and Linda Lewis. Appellees cross appeal from the trial court’s denial of their motion for attorney’s fees.
Appellees sued appellants for fraud in connection with the purchase of certain real property located in Marion County. This property was low lying and subject to routine flooding. We have carefully reviewed the record and find abundant evidence to sustain the final judgment for appellees.
By way of cross appeal, appellees argue they were entitled to attorney’s fees based on Chapter 498, Florida Statutes. In denying appellees’ motion, the trial court made the following findings and ruling in its post-trial order:
(a) The Defendants violated Chapter 498, Florida Statutes, in that Tract 134 was divided in half and that the low (east) half of the tract was sold to the Plaintiffs without any disclosure that it is wholly below the 58' contour line.
(b) The sale of a homesite entirely below the 58' contour line was a fraudulent act by the Defendants and contrary to *1090 the intention expressed in the Public Offering Statement.
(c) Florida Statutes Section 498.061, inasmuch as it provides for the award of attorney’s fees, applies only to an action for rescission.
Appellees contend that section 498.061(6) which provides:
[a]ny sale or contract for sale of any interest in subdivided lands, which sale or contract is in violation of this chapter, is voidable by the purchaser, and the purchaser may, in addition to any other remedy provided by law, recover from the subdivider the total amount paid on the contract or sale by the purchaser and a reasonable attorney’s fee, if suit is brought and the purchaser prevails ...
does not limit recovery of attorney’s fees to rescission actions.
Preliminarily, there is an issue as to whether appellees waived this argument by not submitting to the jury a separate interrogatory on violation of Chapter 498. Ap-pellees, however, point to an order of the trial court entered pursuant to a stipulation between the parties providing that “the issue of attorney’s fees shall be tried at a separate hearing subsequent to the trial of the case-in-chief.” While this language does not obviate the need to obtain a finding of a violation of Chapter 498 (with a determination of entitlement to fees made depending on such determination) no request for trial by jury was made as to count II by appellees or by appellants in their amended answer. Therefore, we conclude the trial court’s factual findings may form the basis for an award of fees if the statute permits such recovery.
We begin by observing that section 498.003, Florida Statutes, sets out the legislative intent of Chapter 498, declaring that the disposition of subdivided lands has a vital impact on Florida’s economy and that there is a need to prohibit the use of false, misleading and fraudulent methods in the sale of such lands. Subsection (4) then goes on to state that “[tjhis law is remedial as well as penal in purpose, and the remedial portions hereof shall be liberally construed to effectuate this purpose.” While our courts have traditionally construed attorney’s fee statutes strictly, see Sheridan v. Greenberg, 391 So.2d 234 (Fla. 3d DCA 1980), we believe the statutory authorization here is remedial in nature, designed to aid in combatting unlawful land sales practices and, as such, is to be liberally construed.
Subsection (6) speaks of a sale in violation of the chapter as being “voidable by the purchaser, and the purchaser may, in addition to any other remedy provided by law, recover from the subdivider the total amount paid on the contract or sale by the purchaser and a reasonable attorney’s fee, if suit is brought and the purchaser prevails.” Construing the statute liberally, we conclude that it was intended to cover actions based on fraud as well as on rescission. Insofar as the statute is concerned, we can see only a technical distinction between a situation where a buyer seeks to rescind because of being fraudulently induced to enter into the land sales contract and where a buyer does not elect to rescind but rather seeks his damages because of the fraud. We hold that the trial court erred in denying the motion for attorney’s fees.
AFFIRMED in part; REVERSED in part.
DAUKSCH and SHARP, JJ., concur.