994 So.2d 1174 (2008)
Charles A. BRINDLE, Appellant,
v.
Richard W. BRINDLE, etc., et al., Appellees.
No. 3D07-239.
District Court of Appeal of Florida, Third District.
October 29, 2008.
Brian V. Jansen, Worcester, Massachusetts, for appellant.
Diane H. Tutt, Davie; Joseph J. Vetrick, Key Largo, for appellees.
*1175 Before RAMIREZ, SHEPHERD, and CORTIÑAS, JJ.
SHEPHERD, J.
We have on this appeal two clashing orders issued by separate divisions of the Monroe County Circuit Court. The first order, issued by a judge of the civil division of the Monroe County Circuit Court, approves a written settlement agreement in that proceeding by which the antagonistsRichard Brindle and Charles Brindle, sons of the decedent, Dorothy Brindleresolve a contest among themselves over a disputed devise and a claim for breach of fiduciary duty, by mutually agreeing to a global reallocation and distribution of all devises made to them by Dorothy under her will. Richard was also a party and full participant in the settlement as the personal representative of his mother's estate. The agreement stipulated "Each party shall bear their own attorneys' fees and costs incurred in connection with this Lawsuit and not be paid from or by the Estate."
The second orderissued out of the probate division of the Monroe County Circuit Court when during the course of asset distribution it was discovered there remained insufficient assets in the estate to pay expenses of the estate"reopened" the settlement agreement "for purposes of setting aside so much of the settlement agreement as is in conflict with this order," determined the amount of expenses owed by the estate, and ordered the sons, individually, to bear the costs equally. Charles appeals this order.
We reverse the order on appeal for further proceedings. The administration of an estate in probate is an in rem proceeding. § 731.105, Fla. Stat. (2006); Hoffman v. Murphy (In re Estate of Williamson), 95 So.2d 244 (Fla.1956). Beneficiaries are not ordinarily "parties" to the proceeding. Payette v. Clark, 559 So.2d 630 (Fla. 2d DCA 1990); see also Sean Kelly & Shane Kelly, Litigation Under the Florida Probate Code § 1.29 (6th ed. 2006) ("Generally, in a probate administration, the personal representative is the only person over whom the court has in personam jurisdiction."). Thus, absent consent or statutory authority, a probate court may not apportion the expenses of an estate among the beneficiaries of an estate personally. See Dayton v. Conger, 448 So.2d 609, 611-12 (Fla. 3d DCA 1984); Dourado v. Chousa, 604 So.2d 864, 865 (Fla. 5th DCA 1992); cf. § 733.106(3)-(4), Fla. Stat. (2006) (allowing, in proper circumstances, attorneys fees and costs to be awarded from interests in an estate). There is no agreement or statute applicable to this case by which a personal award of estate expenses against Richard and Charles can be sustained.[1] The record in this case indicates the probate judge ordered Richard and Charles to split the expenses of the estate as a matter of convenience.
Finally, neither division of the circuit court possessed the authority to set aside the terms of the settlement agreement for any purpose. The agreement had been approved and compliance ordered by the civil division of the circuit court almost two years before, with jurisdiction retained only "[as] necessary to enforce the Settlement Agreement." All the facts pertaining to the existence and amount of the expenses needed to be paid by the estate were known or knowable to the personal representative when he embarked *1176 upon the distribution of estate assets more than half to himselfpursuant to the settlement agreement. His argument that "it is no longer equitable that the [order] should have prospective application" within the meaning of Florida Rule of Civil Procedure 1.540(b)(5) is not supported. See Hensel v. Hensel, 276 So.2d 227, 228 (Fla. 2d DCA 1973) ("[T]he equities spoken of in ground No. 5 of [Rule 1.540(b)] are those which come to fruition [a]fter a final judgment...."); accord Baker v. Baker, 920 So.2d 689 (Fla. 2d DCA 2006); Gregory v. Connor, 591 So.2d 974, 977 (Fla. 5th DCA 1991).
Reversed and remanded for proceedings consistent herewith.
NOTES
[1] Although the circuit judge in the civil division had the authority to apportion the costs of that proceeding personally individually among the litigants, § 733.106(1), Fla. Stat. (2006); Dayton, 448 So.2d at 612, the parties, with the approval of the personal representative, resolved those costs in their settlement agreement.