PER CURIAM.
 

 Appellant Underwood Anderson & Associates, Inc., appeals a final judgment in which the trial court awarded appellee, Lillo’s Italian Restaurant, Inc., attorney’s fees against Underwood Anderson pursuant to section 627.428(1), Florida Statutes (2004), having found that Underwood Anderson was an “insurer” under the statute. We reverse and remand, because the agent was not an insurer under the facts of this case.
 

 Lillo’s obtained flood coverage from Fidelity National Insurance Company through insurance agent, Underwood Anderson. After Hurricane Ivan destroyed the restaurant in September 2004, the restaurant made a claim for what it believed was the full amount under the policy of $275,600, but was informed it had only a $150,000 policy. Fidelity paid the $150,000, and the restaurant filed a claim against the agent for negligent procurement. The agent contended that the restaurant had asked to reduce its coverage, and the restaurant contended it had not. The jury found the agent 90 percent negligent in reducing the restaurant’s flood coverage and that such negligence caused the restaurant’s $125,600 loss (the difference between the $275,600 the restaurant believed it had obtained and the $150,000 coverage that Fidelity paid out).
 

 The restaurant sought attorney’s fees under section 768.79, Florida Statutes (2004), because a year before trial Lillo had offered to settle for $75,000 under section 627.428(1), which provides:
 

 Upon the rendition of a judgment or decree by any of the courts of this state
 
 against an insurer
 
 and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation foi the insured’s
 
 *887
 
 or beneficiary’s attorney prosecuting the suit in which the recovery is had.
 

 (Emphasis added) Finding without further comment that Underwood Anderson was an “insurer” under section 627.428, the court awarded Lillo’s $102,945.55 in fees and costs. In the alternative, the court awarded Lillo’s $48,087.86 under section 768.79. The agent does not challenge the latter award.
 

 The trial court erred as a matter of law by determining that Underwood Anderson was an “insurer” liable for the insured’s attorney’s fees under section 627.428.
 
 See Allstate Ins. Co. v. Regar,
 
 942 So.2d 969, 971 (Fla. 2d DCA 2006) (holding that whether the plaintiff was one of the entities entitled to fees under section 627.428 was a question of statutory interpretation and thus an issue of law).
 
 Accord First Union Nat’l Bank v. Turney,
 
 839 So.2d 774, 776 (Fla. 1st DCA 2003);
 
 Save On Cleaners of Pembroke II Inc. v. Verde Pines City Ctr. Plaza LLC,
 
 14 So.3d 295, 297 n. 4 (Fla. 4th DCA 2009).
 

 Section 627.428 directs the court to award attorney’s fees for an insured upon rendition of a judgment against “an insurer.” Because the statute is in derogation of the common law, it must be strictly construed.
 
 See Liberty Nat’l Life Ins. Co. v. Bailey ex rel. Bailey,
 
 944 So.2d 1028 (Fla. 2d DCA 2006). The parties invoke the following four definitions from the Insurance Code.
 

 • “Insurer” is “every
 
 person
 
 engaged as indemnitor, surety, or
 
 contractor in the business of entering into contracts of insurance
 
 or of annuity.” § 624.03, Fla. Stat. (2004) (emphasis added).
 

 • “Insurance” is “a contract whereby one undertakes to indemnify another or pay or allow a specified amount or a determinable benefit upon determinable contingencies.” § 624.02, Fla. Stat. (2004).
 

 • “Person,” used in the definition of “insurer” includes “an individual, insurer, company, association, organization, Lloyds, society, reciprocal insurer or interinsurance exchange, partnership, syndicate, business trust, corporation,
 
 agent,
 
 general agent, broker, service representative, adjuster, and every legal entity.” § 624.04, Fla. Stat. (2004) (emphasis added).
 

 • To “transact” insurance includes: solicitation or inducement; preliminary negotiations; effectuation of a contract of insurance; and/or transaction of matters subsequent to effectuation of a contract of insurance and arising out of it.
 

 The restaurant contends that because its agent was a “person” under section 624.04, and the definition of “insurer” includes a “person,” the agent was an “insurer.” This premise is strengthened, the restaurant claims, because it is undisputed that the agent “transacts” insurance.
 

 On the contrary, the fact that the agent engages in “transactions” involving insurance is not helpful in determining this issue, because the definition of “insurer” does not incorporate the term “transact.” Moreover, occurrence of the term “person” in the definition of “insurer” does not end the inquiry. The definition requires a specific
 
 kind
 
 of person, namely, as applied to our facts, one who is a “contractor in the business of entering into contracts of insurance.” “Enter” is defined, in relevant part, as “To
 
 become a party
 
 to cthey entered into an agreements-.”
 
 Black’s Law Dictionary
 
 572 (8th ed. 2004) (emphasis added). An agent may be an insurer if it is a party to the insurance contract at issue.
 

 Under the facts of this case, it is undisputed that the agent merely facilitated the contract to which the restaurant
 
 *888
 
 and Fidelity were parties and that the restaurant has not claimed that the agent was actually a party to the insurance contract. (Hence, the restaurant sued Fidelity for breach of contract and sued the agent for negligent procurement.) Accordingly, a strict construction of section 627.428 excludes the agent from liability for attorney’s fees. This is consistent with what the courts have often stated to be the purpose of the attorney’s fee statute, which is to encourage insurance companies to pay when they are presented with valid claims and, failing that, to compensate insureds that are forced to litigate their contracts with improperly recalcitrant insurance companies.
 
 See, e.g., Pepper’s Steel & Alloys, Inc. v. United States,
 
 850 So.2d 462, 464 (Fla.2003);
 
 Fla. Rock & Tank Lines, Inc. v. Continental Ins. Co.,
 
 399 So.2d 122, 123 (Fla. 1st DCA 1981);
 
 Lewis v. Universal Prop. & Cas. Ins. Co.,
 
 13 So.3d 1079, 1081 (Fla. 4th DCA 2009);
 
 First Floridian Auto & Home Ins. Co. v. Myrick,
 
 969 So.2d 1121, 1124 (Fla. 2d DCA 2007). An agent who is not a party to an insurance contract has no authority to pay on the policy; thus, the purpose of the statute is not served by making agents liable for fees incurred in enforcing the policy.
 

 In
 
 Charles Stewart Agency, Inc. v. Doisy,
 
 399 So.2d 127 (Fla. 1st DCA 1981), the plaintiff sued her insurance agent for misrepresenting that she had fire insurance coverage for her home. A jury found in her favor. Although the trial court awarded the plaintiff attorney’s fees against the agent, this court reversed, finding that there was no contract or statute authorizing such fees. (It should be noted that the attorney’s fee provision and the definitions at issue in this case have existed essentially unchanged since they were enacted in 1959.)
 

 In
 
 Sheridan v. Greenberg,
 
 391 So.2d 234 (Fla. 3d DCA 1980), an employer asked his insurance agent to procure a workers’ compensation policy. The agent was unable to do so and called another agent, who procured a policy from Nationwide Underwriters, Inc. When the employer was injured on the job, Nationwide denied coverage, because his name was not listed as an insured. The employer sued both agents and the carrier as the second agent’s principal, alleging negligent procurement of coverage. The jury exonerated the first agent but returned a verdict against the second agent and carrier, and the court awarded attorney’s fees against the latter two defendants. The Third District reversed, finding there was no statute or contract that authorized attorney’s fees against the agent. The court observed that the employer
 
 “correctly says
 
 that his action [for negligent procurement] against [the second agent]
 
 does not arise under the Insurance Code
 
 and that the trial court’s fee award
 
 was not made under Section 627.128(1).” Id.
 
 at 237 (emphasis added). The court pointed out that a plaintiff may be entitled to attorney’s fees against an agent when the agent failed
 
 to
 
 procure proper coverage if, as a result, the plaintiff was required to hire counsel to defend or prosecute an action that the policy would have covered. In that kind of case, the amount the plaintiff had to pay his or her attorney is not awarded pursuant to section 627.428, but is instead one of the consequences of the agent’s failure to obtain coverage for the plaintiff and is thus part of the damages sought against the agent for negligent procurement.
 
 See id.
 
 Because the employer in
 
 Sheridan
 
 was seeking attorney’s fees that he incurred in his suit against the agent for negligent procurement, rather than fees incurred in the underlying suit over the matter that should have been covered by his policy, the court stated that attorney’s fees “were not
 
 *889
 
 recoverable.”
 
 Id; see also Consolidated Ins. Servs. v. Freeman,
 
 848 So.2d 444 (Fla. 4th DCA 2003) (observing that attorney's fees may be awarded in an action against an insurance agent for negligent procurement if the agent’s failure to procure coverage required the would-be insured to pay an attorney to defend it against the plaintiffs negligence action).
 

 The restaurant failed to show that its agent was an “insurer” subject to section 627.428, and we therefore reverse the trial court’s order. Because the agent does not challenge the trial court’s award of attorney’s fees under section 768.79, our reversal does not affect that part of the final judgment on attorney’s fees.
 

 Reversed in Part, Affirmed in Part, and Remanded.
 

 WOLF, BENTON, and PADOVANO, JJ., concur.