Argued May 2 at Pendleton, reversed and remanded May 31, petition for rehearing denied June 21, 1977

# JOSEPH FOREST PRODUCTS, INC.,
## *Appellant,*
### *v.*
## PRATT, *Respondent.*
## (No. L-7723, SC P-2504)
#### 564 P2d 1027

Charles R. Markley, Portland, argued the cause for appellant. With him on the briefs were Ferris F. Boothe, and Black, Kendall, Tremaine, Boothe & Higgins, Portland.

Alex M. Byler, of Corey, Byler & Rew, Pendleton, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and Howell, Bryson, Lent, Linde, and Campbell, Justices.

HOWELL, J.

**HOWELL, J.**

This is an action for damages against defendant insurance agent for breach of a contract to procure insurance and for negligence in failing to obtain insurance coverage. Plaintiff alleged that defendant failed to obtain fire insurance on plaintiff's pole treating plant, although defendant agreed to do so and although plaintiff paid the premiums. During the period in which coverage was supposedly in effect, plaintiff's plant was damaged by fire and the insurance company denied coverage.

At trial, the jury found against the defendant insurance agent and a judgment was entered for plaintiff for damages to his plant, equipment and inventory. However, the trial court had previously granted defendant's motion to strike those portions of plaintiff's complaint relating to consequential damages for lost profits resulting from plaintiff's alleged inability to resume business operations.[1] Apparently, the trial court concluded that the agent could be liable only for the amount which would have been due under the insurance policy if it had been obtained. Plaintiff appeals and assigns as error the order granting defendant's motion to strike the allegations related to consequential damages. Since this appeal is before us only on the propriety of the order granting the motion to strike, and since there is no transcript of any hearing on that motion, our consideration of this issue

---

[1] The allegation of damages due to lost profits attributable to defendant's negligence was as follows:

"As a further direct and proximate result of being denied insurance proceeds to repair or replace said equipment and inventory necessary to the continuation of plaintiff's business, plaintiff being already heavily indebted and without funds for said purposes, plaintiff was rendered incapable of resuming business operations and has sustained damages by way of lost profits since August 2, 1974, and will continue to sustain such damages until said sums have been paid, all to plaintiff's further damages in the sum of $250,000."

A similar allegation was included under plaintiff's breach of contract count.

is limited to the facts appearing on the face of the complaint.

■ An insurance agent or broker who agrees to procure insurance for another for a fee but fails to do so may be liable for any damage resulting from his omission. Liability may be based upon a breach of contract or upon negligence, or upon both, depending upon the particular circumstances of the case. Normally, causation requirements will limit any recovery to that which the plaintiff would have received through the insurer if coverage had been provided. However, if the plaintiff is able to prove that additional consequential damages resulted from the agent's failure to obtain coverage, he will then be entitled to recover those consequential damages as well. *See, e.g., Clements v. Thornton,* 268 Or 367, 377, 520 P2d 893 (1974):

> "We believe the law to be in accordance with the following quotation from 44 CJS 863, Insurance § 172:
>
> ·    " 'As a general rule the liability of the agent with respect to a loss, by reason of his breach of duty, is that which would have fallen on the company had the insurance been properly effected, *together with such other damages as proximately result from the breach,* and less the amount of unpaid premiums or cost of the insurance.' (Footnotes omitted.)" (Emphasis added.)

*Accord* 16 Appleman, Insurance Law and Practice 510-514, § 8841 (1968):

> "An insurance broker is the agent of the insured in negotiating for a policy, and owes a duty to his principal to exercise reasonable skill, care, and diligence in effecting insurance. Thus he may be held liable where he has breached a contract to procure insurance for his principal. And while such broker is not obligated to assume the duty of procuring a policy, without consideration for his promise, he must exercise ordinary care in the performance of such duty when assumed, the promise to take the policy being a sufficient consideration. He is charged with the exercise of reasonable care and skill in making inquiries and obtaining information concerning the responsibility of the insurer with whom they place

[ 480 ]

the risk, and is liable for *any loss* occasioned by such want of care.

"If a broker or agent of the insured neglects to procure insurance, or does not follow instructions, or if the policy is void or materially defective, through the agent's fault, he is liable to his principal for *any loss* he may have sustained thereby. * * *" (Footnotes omitted; emphasis added.)

*See also Arley v. Chaney,* 262 Or 69, 496 P2d 202 (1972); 4 Couch, Cyclopedia of Insurance Law 458-59, § 26:460 (2d ed 1960); Annot., 29 ALR2d 171, 175 (1953); 43 Am Jur 2d 230, Insurance § 174 (1969).

■ It is true that, as defendant points out, some courts have stated that agents and brokers will be liable for losses only up to the limits of the policy applied for. This statement is correct as a general rule because, even if he were insured, the plaintiff's losses would have been covered only to the extent of the policy limits. *See, e.g., Valdez v. Taylor Automobile Co.,* 129 Cal App 2d 810, 278 P2d 91 (1955). However, the rule has no application to additional, consequential losses sustained, not by reason of the occurrence of the contingency insured against (such as fire, theft, etc.), but by reason of defendant's breach of contract or negligent failure to secure coverage (such as loss of profits due to unnecessary delay in obtaining reimbursement for the original loss). We can discern no reason for creating a special exception to normal liability concepts because the case involves an insurance agent.

■■ Of course, in order to recover for additional, consequential damages, the plaintiff must prove that the additional losses were caused by the defendant and that these damages were reasonably foreseeable at the time of application. Issues of causation and foreseeability, however, go to the merits of plaintiff's case, and those questions cannot properly be resolved at the pleading stage through a motion to strike certain allegations of the complaint. Therefore, we conclude that the trial court erred in granting defendant's

motion to strike those portions of plaintiff's complaint which related to consequential damages and that plaintiff is entitled to a new trial on the issue of defendant's liability for plaintiff's alleged lost profits.

Reversed and remanded for a new trial.