657 P.2d 638

Victor W. TOPMILLER, Jr., et ux., Plaintiffs-Appellees,

v.

Lowell CAIN, d/b/a Lowell Cain Agency, Defendant and Third-Party Plaintiff-Appellant,

v.

TRAVELERS INSURANCE COMPANY, Third-Party Defendant-Appellee.

No. 5829.

Court of Appeals of New Mexico.

Jan. 11, 1983.

John W. Reynolds, Silver City, for plaintiffs-appellees Topmiller.

Kathryn Levy, Civerolo, Hansen & Wolf, P.A., Albuquerque, for third-party defendant-appellee Travelers Ins. Co.

## OPINION

WOOD, Judge.

There are two issues: (1) the liability of an insurance agent for failure to obtain builder's risk insurance; and (2) the measure of damages.

Plaintiffs purchased a lot from Cain for the purpose of building their own home on the property. Plaintiffs arranged for both interim and permanent financing. Prior to obtaining the interim financing, plaintiffs informed Cain that they needed a builder's risk insurance policy. Upon obtaining the commitment for financing, Mr. Topmiller told Cain that he needed the builder's risk coverage. The home was destroyed by fire when it had been almost completed; Cain informed plaintiffs there was no builder's risk coverage.

Cain, a duly licensed insurance agent, had handled and placed almost all of plaintiff's insurance for five years prior to the fire. The dealings between Cain and Mr. Topmiller were informal and were usually conducted at a coffee shop. Due to their previous dealings, it was understood that Cain would obtain the builder's risk coverage. Cain had seen and approved the house plans; if Cain needed more information he would request it. Cain did not request further information. Plaintiffs relied upon Cain to obtain the builder's risk coverage and assumed he had done so.

Plaintiffs filed two suits, which were consolidated. Cain was sued for negligence for failure to obtain the builder's risk coverage; Travelers Insurance Company was sued on the basis of a builder's risk policy. It is

undisputed that no such policy was issued to plaintiffs.

The trial court denied recovery against Travelers. It found that Cain was negligent and that Cain was liable to plaintiffs for damages, reasonably foreseeable, resulting from Cain's negligence. It denied Cain recovery on his third-party claim against Travelers. Cain appeals.

*Liability of the Insurance Agent*

■ Cain contends that the evidence establishes an oral contract of insurance. *See Harden v. St. Paul Fire & Marine Ins. Co.,* 51 N.M. 55, 178 P.2d 578 (1947). In assuming that Cain had obtained builder's risk coverage, plaintiffs also assumed that Cain would obtain the coverage from Travelers because Cain obtained no builder's risk coverage except through Travelers, and Cain had authority to bind Travelers. On the basis that there was builder's risk coverage, Cain asserts he cannot be liable to plaintiffs because he was an agent and not a party to the contract. *See Fryar v. Employers Ins. of Wausau,* 94 N.M. 77, 607 P.2d 615 (1980). Thus, on the basis that there was builder's risk coverage, Cain contends he cannot be liable for failing to obtain such coverage.

The answer is in the trial court's finding, which reads:

Through defendant's [Cain's] insurance agency all builder's risk coverages were placed with Travelers and defendant had authority to bind said insurance company to such risk, but in this instance no notice of such coverage was ever made to Travelers and no binder ever made.

Substantial evidence, including the testimony of Cain, supports this finding. Accordingly, the finding will not be disturbed on appeal. *Fryar v. Employers Ins. of Wausau, supra.*

There being no oral contract of insurance, Cain cannot avoid liability for his negligence on the basis that such a contract existed.

*Damages*

The trial court found that damages resulting from the fire—"to replace it back to the original condition, no more and no less"

—was $40,903.29. This damage item is not challenged.

The trial court also found:

To re-construct the house plaintiffs had to obtain a second interim financing at an additional cost to them of $5,500.00; and it was foreseeable that a loss without insurance coverage would have required this additional cost.

Substantial evidence supports the $5,500.00 amount; this was the interest on the new financing arrangement entered by plaintiffs because the bank, after the fire, would not loan any more money under the original financing arrangement. Cain does not contend that the $5,500.00 amount lacks evidentiary support; nor does Cain contend that new financing, after the fire, was not a foreseeable result from his negligent failure to obtain builder's risk coverage.

■ Cain contends that the $5,500.00 amount is not an authorized item of damages in New Mexico. He relies on *Brown v. Cooley,* 56 N.M. 630, 637, 247 P.2d 868 (1952), which states: "The liability of the agent with respect to the loss is that which would have fallen upon the company had the insurance been effected as requested." If one reads the first "the" in the above quotation as meaning "the total" liability, then *Brown v. Cooley, supra,* does support Cain's contention.

*Jernigan I (Jernigan v. New Amsterdam Casualty Company),* 69 N.M. 336, 345, 367 P.2d 519 (1961), referred to recoverable damages as follows:

It seems to be well settled that an insurance agent or broker who undertakes to provide insurance for another, and through his own fault or neglect, fails to do so, is liable in the amount that would have been due under the policy of insurance if it had been obtained.

This quotation may be read as meaning that a proper item of damages is the amount that would have been due under the policy, had it been obtained.

*Jernigan I, supra,* cites as supporting authority "Anno. 29 A.L.R.2d, § 4, p. 175 and § 29, p. 208 [203]." These references state the damage measure differently.

29 A.L.R.2d, page 175, *supra:*

The rule seems to be well settled that an insurance agent or broker who, with a view to compensation for his services, undertakes to procure insurance for another, and, unjustifiably or through his own fault or negligence, fails to do so, is liable for *any damage* resulting therefrom. [Our emphasis.]

29 A.L.R.2d, page 203, *supra:*

The *measure* of the liability of an insurance agent or broker for his failure to procure insurance is the amount that would have been due under the insurance policy if it had been obtained. [Our emphasis.]

Statements in other decisions do not resolve the question of the proper measure of damages. *Jernigan II (Jernigan v. New Amsterdam Casualty Company),* 74 N.M. 37, 390 P.2d 278 (1964); *Butler v. Scott,* 417 F.2d 471 (10th Cir.1969). The facts in *Brown v. Cooley, Jernigan I, Jernigan II* and *Butler v. Scott* do not resolve the question because in each of these cases the damages discussed were recoverable under the policy if the policy had been issued. *See also, White v. Calley,* 67 N.M. 343, 355 P.2d 280 (1960).

Uncertainty as to the appropriate measure of damages is emphasized by comparing *Sanchez v. Martinez,* 99 N.M. 66, 653 P.2d 897 (Ct.App.1982) (21 St.B.Bull. 1696) with *Lanier v. Securities Acceptance Corporation,* 74 N.M. 755, 398 P.2d 980 (1965). Both cases involved a negligent failure to obtain insurance. Citing *Brown v. Cooley, supra, Sanchez* held that a claim for food and travel expenses was improper because there was no evidence that these items would have been covered if insurance had been obtained. *Lanier,* without discussing the proper measure of damages for the type of negligence, held that attorney fees was not a proper item of damages on the basis of general law.

We conclude that New Mexico decisions have not resolved the question of the proper measure of damages.

■ The theory of damages is to make an injured person whole. Committee Com-

ment to U.J.I.Civ. 18.15, N.M.S.A.1978 (1980 Repl.Pamph.). The rules for measuring damages are not inflexible, the object is to afford just compensation for the injuries received. *Rutherford v. James,* 33 N.M. 440, 270 P. 794, 63 A.L.R. 237 (1928), *overruled on other grounds,* in *Reed v. Styron,* 69 N.M. 262, 365 P.2d 912 (1961). *See also, Terrel v. Duke City Lumber Company,* 86 N.M. 405, 524 P.2d 1021 (Ct.App.1974), *reversed on other grounds,* 88 N.M. 299, 540 P.2d 229 (1975).

■ This issue involves compensatory damages. Compensatory damages are recoverable if they proximately result from a "violation of a legally-recognized right of the person seeking the damages, whether such be a right in contract or tort." *Loucks v. Albuquerque National Bank,* 76 N.M. 735, 418 P.2d 191 (1966).

■ These general principles support the award of $5,500.00. The evidence fully supports the theory of plaintiffs, expressed in the trial court, of damages incurred above the amount recoverable under an issued insurance policy. "If Mr. Cain had issued the policy he [Mr. Topmiller] would have been paid right then, but he wasn't paid, and he had no money, so he had to scrounge around and borrow additional money, and the interest that he has to pay on this additional money, which he would not have had to * * borrow, if the policy had been paid, is an element of damages."

Consistent with the general principles supporting recovery of the $5,500.00, *Joseph Forest Products, Inc. v. Pratt,* 278 Or. 477, 564 P.2d 1027 (1977), held that consequential damages could be recovered for negligence in failing to obtain insurance:

Normally, causation requirements will limit any recovery to that which the plaintiff would have received through the insurer if coverage had been provided. However, if the plaintiff is able to prove that additional consequential damages resulted from the agent's failure to obtain coverage, he will then be entitled to recover those consequential damages as well.

\*     \*     \*     \*     \*     \*

It is true that, as defendant points out, some courts have stated that agents and brokers will be liable for losses only up to the limits of the policy applied for. This statement is correct as a general rule because, even if he were insured, the plaintiff's losses would have been covered only to the extent of the policy limits. *See, e.g., Valdez v. Taylor Automobile Co.,* 129 Cal.App.2d 810, 278 P.2d 91 (1955). However, the rule has no application to additional, consequential losses sustained, not by reason of the occurrence of the contingency insured against (such as fire, theft, etc.), but by reason of defendant's breach of contract or negligent failure to secure coverage (such as loss of profits due to unnecessary delay in obtaining reimbursement for the original loss). We can discern no reason for creating a special exception to normal liability concepts because the case involves an insurance agent.

Of course, in order to recover for additional, consequential damages, the plaintiff must prove that the additional losses were caused by the defendant and that these damages were reasonably foreseeable at the time of application.

The $5,500.00 was a consequence of Cain's negligence. The trial court properly awarded that amount as damage. In so holding we apply the meaning of "consequential damages" used in *Joseph Forest Products, Inc., supra*—a reasonable foreseeable damage resulting from Cain's negligence. *See Valdez v. Gonzales,* 50 N.M. 281, 176 P.2d 173 (1946). *Compare Robison v. Katz,* 94 N.M. 314, 610 P.2d 201 (Ct.App.1980).

The judgment is affirmed. Cain shall bear the appellate costs.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.