510 So.2d 1193 (1987)
GLADES OIL COMPANY, INC., Appellant,
v.
R.A.I. MANAGEMENT, INC., etc., et al., Appellees.
No. 85-1689.
District Court of Appeal of Florida, Fourth District.
August 12, 1987.
Jon E. Krupnick and Karen E. Roselli of Krupnick, Campbell, Malone & Roselli, P.A., Fort Lauderdale, for appellant.
Leanne J. Frank and David F. McIntosh of Corlett, Killian, Hardeman, McIntosh & Levi, P.A., Miami, for appellees.

ON MOTION FOR REHEARING
WARNER, MARTHA C., Associate Judge.
We withdraw our opinion of March 4, 1987, and substitute the following in its stead.
Glades Oil, plaintiff below, appeals a final summary judgment entered in favor of the defendant Rumfelt, an insurance agent, in an action for negligence and breach of fiduciary duty on the part of the insurance agent in placing the Glades Oil policy with a financially unsound company.
Glades Oil is a wholesale oil distributor. Prior to 1980, Glades carried a $1,000,000 umbrella liability policy for its trucks through Federated Mutual Insurance Company. Glades also had an underlying liability insurance policy.
In 1980 Glades decided to change insurance carriers. Glades asked Rumfelt for his recommendations in this regard. Rumfelt placed Glades' umbrella policy with Northeastern Fire Insurance Company of Pennsylvania.
In October 1981, one of the Glades trucks overturned, killing Daphney Muccio. *1194 Muccio's estate brought a wrongful death action against Glades. Glades' insurance company undertook to defend the case. A settlement agreement was reached prior to trial whereby the Muccio estate agreed to accept Glades' primary and umbrella policy limits. However, after the agreement was reached, the umbrella carrier, Northeastern, was unable to pay its $1,000,000 limits due to financial problems. The settlement fell through and the case proceeded to trial. The estate recovered a verdict against Glades for $3,100,000 on the liability claim. Northeastern subsequently paid $850,000 for a setoff of $1,000,000 against the adverse judgment. After an additional payment by the primary carrier, Glades was left with a liability of $1,917,801.
Glades thereafter filed suit against Northeastern and Rumfelt, alleging negligence and breach of fiduciary duty by Rumfelt, the insurance agent. A default judgment was entered against Northeastern.
Glades sought both compensatory and punitive damages from Rumfelt. The compensatory damages alleged were the excess judgment against Glades in the amount of $1,900,000 plus interest and attorney's fees. The claim for punitive damages was twice stricken, but with leave to amend. However, before Glades could amend a third time, the trial court granted Rumfelt's motion for summary judgment as to damages. The trial court concluded that, assuming Rumfelt was liable in negligence, the measure of damages against the insurance agent was limited to the policy limits of the insurance policy. Since Northeastern had already obtained a setoff of the judgment against Glades for the full amount of the policy limits, no further damages were recoverable from Rumfelt. This appeal followed.
As a threshold matter, it is noted that the trial judge made no ruling with regard to the alleged negligence on the part of Rumfelt. Rumfelt has urged on this appeal that this court could properly affirm based upon the finding of lack of negligence. However, this court should review the judgment in the same posture as it was considered below  solely as to the damage question. It is not proper for an appellate court to review matters not ruled upon below. Howland v. State, 412 So.2d 383 (Fla. 5th DCA), rev. denied, 419 So.2d 1198 (Fla. 1982); Coffman v. Kelly, 256 So.2d 79 (Fla. 1st DCA 1972).
The issue presented for review is the proper measure of damages against an insurance agent who negligently obtains coverage for the insured in a financially unsound company, so that the coverage proves unavailable at the time of settlement of a claim. Several Florida courts have addressed the issue generally in cases where an agent negligently fails to obtain any coverage for the insured. Such cases have dealt with fixed property losses, such as where the agent failed to procure a fire policy and the building supposed to be insured burned down. In Bennett v. Berk, 400 So.2d 484 (Fla. 3d DCA 1981), the court held that an agent may be liable for "damages." In Klonis v. Armstrong, 436 So.2d 213 (Fla. 1st DCA 1983), rev. denied, 449 So.2d 264 (Fla. 1984), and deMarlor v. Foley Carter Construction Company, 386 So.2d 22 (Fla. 2d DCA 1980), it was held that a negligent insurance agent's liability extends to "resulting damages." In Cat'n Fiddle, Inc. v. Century Insurance Company, 200 So.2d 208 (Fla. 3d DCA 1967), vacated in part on other grounds, 213 So.2d 701 (Fla. 1968), the court held that the liability of an agent would not exceed the amount of insurance shown to have been obtainable under the circumstances.
However, in Duncanson v. Service First, 157 So.2d 696 (Fla. 3d DCA 1963), the Third District held in a breach of contract action that an agent who failed to procure automobile liability insurance coverage must respond in damages to the extent the loss would have been covered under the policy plus reasonable attorney's fees for defending the personal injury action brought by the injured party. The Nebraska Supreme Court applied the same measure of damages against the insurance agent under similar facts, but where the action against the agent was based, as it is here, in negligence rather than contract. *1195 Kenyon v. Larsen, 205 Neb. 209, 286 N.W.2d 759 (1980).
Appellant cites Joseph Forest Products, Inc. v. Pratt, 278 Or. 477, 564 P.2d 1027 (1977) and Topmiller v. Cain, 99 N.M. 311, 657 P.2d 638 (App. 1983), as supporting its position that the excess judgment against it is a "consequential damage" of the appellee's negligence and thus is recoverable. A close reading of those cases does not support that position. As the Topmiller court stated:
It is true that, as defendant points out, some courts have stated that agents and brokers will be liable for losses only up to the limits of the policy applied for. This statement is correct as a general rule because, even if he were insured, the plaintiff's losses would have been covered only to the extent of the policy limits. See, e.g., Valdez v. Taylor Automobile Co., 129 Cal. App.2d 810, 278 P.2d 91 (1955). However, the rule has no application to additional, consequential losses sustained, not by reason of the occurrence of the contingency insured against (such as fire, theft, etc.), but by reason of defendant's breach of contract or negligent failure to secure coverage (such as loss of profits due to unnecessary delay in obtaining reimbursement for the original loss).
99 N.M. at 315, 657 P.2d at 642 (emphasis supplied). In the instant case the consequential or resulting damage claimed by the appellant was the Muccio judgment. This judgment was a result of the contingency insured against, namely the negligence of the Glades driver resulting in injuries. Thus, even under the rule set forth above, the agent would not be liable for the excess judgment.
We therefore hold in this case that the agent is not liable in damages for the excess judgment recovered against the appellant by the Muccio estate. We do not see why a different rule should apply in this case, where the insurance company could not pay out its proceeds at a specific time during litigation, than in a case where the insurance agent never procured insurance at all. In a tort action, the measure of damages is that which is necessary to restore the injured party to the position he would have been in had the wrong not been committed. Ashland Oil, Inc. v. Pickard, 269 So.2d 714 (Fla. 3d DCA 1972). In this case, had the negligence of the agent not occurred, the appellant would have been entitled to $1,000,000 of coverage. Its insurance company has now paid or appellant had received the equivalent of $1,000,000 in coverage. Furthermore, under the same principle the agent would not be liable for interest on the $1,900,000 judgment or its attorney's fees expended in bringing this action.
However, we reverse to permit the trial court to consider the issue of punitive damages. Glades was given leave to amend before summary judgment was granted. The final summary judgment was based, not upon the fact that the appellant was not damaged, but on the fact that the damages to which it was entitled had been paid. Thus, having established compensatory damages, the appellant was entitled to attempt to plead a cause of action for punitive damages.
Reversed in part and remanded for further proceedings consistent with this opinion.
GLICKSTEIN, J., concurs.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, concurring specially.
I agree with the majority's opinion that an insurance agent may not be held liable for an excess judgment entered against an insured when the insured's insurance carrier, a carrier selected by the agent, is unable to successfully negotiate a settlement of a claim against the insured because of the carrier's financial instability. In my view such damages, in relation to the duties and responsibilities of the insurance agent, are too speculative in nature to be justified. The Florida Supreme Court has recently commented on a similar issue in the case of Department of Transportation v. Anglin, 502 So.2d 896, 899 (Fla. 1987): *1196 As is explained in Prosser and Keaton on The Law of Torts, 272-273 (5th ed. 1984):
Once it is established that the defendant's conduct has in fact been one of the causes of the plaintiff's injury, there remains the question whether defendant should be legally responsible for the injury. Unlike the fact of causation with which it is often hopelessly confused, this is primarily a problem of law. It is sometimes said to depend on whether the conduct has been so significant and important a cause that the defendant should be legally responsible. But both significance and importance turn upon conclusions in terms of legal policy, so that they depend essentially on whether the policy of the law will extend the responsibility for the conduct to the consequences which have in fact occurred.