Argued and submitted October 31, affirmed December 18, 1991

In the Matter of the Compensation of
Jeffrey R. Unterschuetz, Claimant,
*and*

In the Matter of the Complying Status of
Lance J. and Janet E. Caddy, Employers.

Lance J. and Janet E. CADDY,
*Petitioners,*

*v.*

SAIF CORPORATION
and Jeffrey R. Unterschuetz,
*Respondents.*

(88-02542 & 88-02543; CA A64059)

822 P2d 156

S. David Eves, Corvallis, argued the cause and filed the brief for petitioners.

Kevin N. Keaney, Portland, argued the cause for respondent Unterschuetz. With him on the brief were Lawrence Baron and Pozzi, Wilson, Atchison, O'Leary and Conboy, Portland.

Steve Cotton, Special Assistant Attorney General, Salem, waived appearance for respondent SAIF Corporation.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

In this workers' compensation case, the only question is whether the Caddys, who acted as "general contractors" for the construction of their own home, were employers for purposes of workers' compensation.[1] The Board held that they were, and they seek review.

The Caddys, husband and wife, are in the medical profession. They designed their own home and hired a draftsman to draw up the plans. In order to save money, they acted as their own general contractor. Janet handled all the paper work, and Lance acted "essentially" as job superintendent. Boger, the Caddys' friend, a licensed contractor and a carpenter by trade, handled the carpentry, sought out and selected subcontractors with Janet and helped coordinate scheduling. He also coordinated labor on the job sight. He was paid $17 per hour for his work on the site, but charged nothing for his advice and for helping to arrange for subcontractors. He was aware that the Caddys did not have workers' compensation insurance, and he did not consider himself to be their employee.

Boger testified that he worked as much as he wanted and had authority to hire other carpenters to work with him, without approval from the Caddys. Janet testified that she did not believe that she could instruct Boger as to the details of his work or as to whom to hire or fire. The Caddys paid the individuals who worked with Boger separately by the week, at the rate indicated by Boger. They provided no tools and did not supervise Boger or his assistants. They took no withholding from wages and, on the advice of their insurance agent, did not acquire workers' compensation insurance coverage. Claimant was injured while working as a carpenter during construction of the home.

The Board held that the Caddys, through their agent Boger, had the right to control claimant's work and that, therefore, they were his employer. It affirmed the Workers' Compensation Division's determination that the Caddys were noncomplying employers and also held that claimant had suffered a compensable injury.

---

[1] There is no issue of compensability raised on review.

The Caddys contend that there is no evidence that they had or exercised any control in the manner or method by which Boger or any of the individuals who assisted him went about their work. They exercised only general, "quality oriented" supervision to assure that the work was done well. They argue that that is not enough to permit the conclusion that claimant was their employee, rather than an independent contractor. *See Marcum v. SAIF*, 29 Or App 843, 565 P2d 399 (1977).

That analysis overlooks one inevitability: Because the evidence is uncontradicted that he was not working for himself, claimant must have been working for someone. Boger controlled the details of his work and work hours and had the power to hire or fire him. Janet denied that claimant was working for Boger, who she admitted was her agent when it came to dealing with subcontractors and suppliers. We conclude that there is substantial evidence to support the Board's finding that, acting through Boger, the Caddys hired claimant and controlled his work, and that he was their employee.[2]

■■ The Caddys contend that claimant is, nonetheless, excluded from coverage under the "householder" exemption of ORS 656.027(2):

"All workers are subject to ORS 656.001 to 656.794 except those nonsubject workers described in the following subsections:

"* * * * *

"(2) A worker employed to do gardening, maintenance, repair, remodeling or similar work in or about the private home of the person employing the worker."

The Caddys contend that the householder exemption focuses on the private nature of the home and the nonbusiness character of the homeowner's activity and that, because they were not in the business of construction and were not building their home for profit, the exemption should apply. They cite a discussion in 1C Larson, *Workman's Compensation Law* 9-129, § 50.21 (1974), regarding employment by a nonbusiness employer:

---

[2] The question whether Boger was an independent contractor or employee is not determinative or even relevant.

"The courts have consistently held that compensation acts do not apply in such instances. The examples that can be drawn from decided cases cover a range as varied as the hypothetical cases just suggested; a carpenter helping to build or remodel the employer's residence; a practical nurse called in to look after the employer's husband; a handyman working on a country estate; a plasterer redecorating the employer's home; a carpenter building a chicken coop on the employer's residential premises * * *."

We are persuaded that, by making the householder exemption applicable only to work carried on "in or about the private home of the person employing the worker," the legislature has expressed a policy that a householder should not bear all the costs of protecting a worker who comes into the home to perform one of myriad duties that are incidental to home ownership. *Fincham v. Wendt*, 59 Or App 416, 422, 651 P2d 159, *rev den* 294 Or 149 (1982). However, to be exempt, the work must satisfy another requirement as well: It must be of a type similar to the activities listed in the statute, that is, gardening, maintenance, repair or remodeling. We do not agree that work is "similar" under the statute solely by virtue of the fact that it occurs in or about a private home. The characteristic that the listed activities have most in common is that they occur in or about an *existing* home. Claimant's work on building a home is not similar in that respect. We conclude, therefore, that it does not fall within the exemption. The Board correctly held that claimant is entitled to compensation.[3]

Affirmed.

---

[3] ORS 656.029(1) provides, in part:

"If a person awards a contact involving the performance of labor where such labor is a normal and customary part or process of the person's trade or business, the person awarding the contract is responsible for providing workers' compensation for all individuals, other than those exempt under ORS 656.027, who perform labor under the contract[.]"

The Caddys were not in the business of home construction, and they were not, accordingly, required to provide coverage for claimant under that subsection.