Argued and submitted October 4, 1993, reversed and remanded July 6, petition for
review denied September 27, 1994 (320 Or 270)

Lance J. CADDY
and Janet E. Caddy,
*Appellants,*

*v.*

David A. SMITH,
*Respondent.*

(CV92-0100; CA A78258)

877 P2d 667

Patrick L. Hadlock argued the cause for appellants. With him on the brief were Larry W. Stuber and Ringo & Stuber, P.C.

J. Philip Parks argued the cause for respondent. With him on the brief were Billy M. Sime and Parks, Bauer & Sime.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Plaintiffs appeal a summary judgment granted in favor of defendant on their claim that defendant negligently failed to procure a policy of insurance for them. We reverse and remand.

We view the facts from the record on summary judgment in the light most favorable to plaintiffs, the non-moving parties. *Gaston v. Parsons*, 318 Or 247, 251, 864 P2d 1319 (1994).

Plaintiffs were building their own home. Defendant is an insurance agent. Plaintiff Lance Caddy spoke to an employee of defendant's about obtaining insurance coverage for potential liability related to the construction of the house. According to Lance:

"I told her that I need some insurance, and she said okay. And I said I need the usual kinds of things in case it burns to the ground, in case this and that in various stages of construction and there are two specific things I want covered. And she said okay. And I said, 'There are a lot of people wandering in and out of my house, sight-seers, lookers-on, et cetera, and in case one of those people falls down, since there are no lights, et cetera, and breaks his neck, I want that taken care of.' She said okay. I said, 'There are a lot of people wandering out there working on the job and I don't want any liability as far as any of those people are concerned.' And she said, 'Well, I'll have to ask you a couple of questions.' I said 'Okay.' She said, 'Who's the contractor?' I said, 'Well, I don't know.' She said, 'Well, who's building it for you?' And so I gave her the name of the person who was the hammer and saw man. And she said, 'But is he the contractor?' And I said, 'No.' She said, 'Well, are you the contractor?' And I said, 'Well, I don't know.' And she said, 'Well, who's paying the bills?' And I said, 'Well, I am.' And she said, 'Well, are there subcontractors on the job?' I said, 'Yes.' She said 'Are they insured?' And I said, 'There are a lot of people out there. I really don't know who's insured and who is not.' She said 'Okay.'

"And then she said, 'Well, I have to ask a couple of other questions.' So she asked me questions about how big the house was and what its construction was and was it frame or brick, and did it have a fireplace and did it have deadbolts, was it going to have deadbolts on the doors, and did it have a fire alarm system, et cetera, et cetera. And I answered those

questions. And she said, 'Okay, I'll take care of it for you.' And I said 'Okay. Thanks. Let me know how much it is and I'll drop by a check.' "

Defendant procured a standard homeowner's policy for plaintiffs. That policy excluded workers' compensation coverage. Defendant did not discuss the exclusion with plaintiffs. At the time, defendant did not sell workers' compensation coverage, although he had in the past. Defendant advised his employees to tell people who wanted workers' compensation insurance to contact the State Accident Insurance Fund (SAIF). Plaintiffs were not told that.

During construction on the house, a worker was injured. Plaintiffs did not have workers' compensation insurance. The Workers' Compensation Board held that the injured worker was plaintiffs' employee and that plaintiffs were noncomplying employers who were responsible for paying for the injuries, and we affirmed. *Caddy v. SAIF*, 110 Or App 353, 822 P2d 156 (1991).

Plaintiffs then brought this action, alleging that defendant was negligent in failing to obtain workers' compensation coverage for them and in failing to inform them that they needed workers' compensation coverage.[1] Defendant moved for summary judgment. The trial court granted the motion, and entered judgment for defendant. Plaintiffs appeal, assigning error to the trial court's order granting defendant's summary judgment motion.

Summary judgment is appropriate when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Gaston v. Parsons, supra,* 318 Or at 251.

Plaintiffs argue that there are issues of material fact as to whether defendant was negligent in failing to procure workers' compensation coverage and in failing to advise them of their need for that coverage. Defendant argues that the evidence is insufficient to raise a jury question on both

---

[1] Plaintiffs also alleged that defendant was negligent in failing to tell them to consult with an attorney about whether they needed workers' compensation coverage, in failing to consult with an attorney about plaintiffs' need for workers' compensation coverage and in authorizing an employee to sell insurance without a license. Those allegations of negligence, however, are not at issue on appeal.

specifications of negligence, because it is undisputed that plaintiffs never asked defendant to obtain workers' compensation insurance and, without such a request, defendant had neither a duty to procure that insurance nor a duty to advise plaintiffs of the need for that insurance.

■ First, we address plaintiffs' allegation that defendant negligently failed to procure workers' compensation insurance. Insurance agents owe their insureds a duty of reasonable skill and care in carrying out the insureds' instructions. *Kabban v. Mackin*, 104 Or App 422, 434, 801 P2d 883 (1990). Depending on the nature of the instructions, that duty may include an obligation to procure insurance. As the Supreme Court said in *Joseph Forest Products v. Pratt*, 278 Or 477, 564 P2d 1027 (1977):

> "An insurance agent or broker who agrees to procure insurance for another for a fee but fails to do so may be liable for any damage resulting from his omission. Liability may be based upon a breach of contract or upon negligence, or upon both, depending on the particular circumstances of the case." 278 Or at 480.

■ Defendant does not take issue with that statement of the law, but argues that there is no basis for concluding that plaintiffs ever asked him to procure workers' compensation insurance. We disagree. Plaintiff specifically said that he wanted insurance to cover "any liability" for those who were "working on the job" at the house. Defendant's employee then asked a number of questions about whether plaintiff was the contractor and whether the workers had their own insurance, and then assured plaintiff that defendant would take care of that request. That testimony, viewed in the light most favorable to plaintiffs, reasonably supports a finding that plaintiffs provided sufficient information to defendant to give rise to a duty to procure workers' compensation insurance.

■ We address plaintiffs' allegation that defendant negligently failed to advise them of their need to procure workers' compensation insurance. When an insurance agent agrees to procure insurance for an insured, the agent undertakes a duty to explain the extent to which the insurance procured actually provides the coverage that was requested. *Precision Castparts v. Johnson*, 44 Or App 739, 742-43, 607 P2d 763 (1980); *Larson v. Transamerica Life*, 41 Or App 311, 318-19,

597 P2d 1292 (1979). Defendant argues that the duty to advise did not arise in this case, as a matter of law, because plaintiffs never provided sufficient information to constitute a request for workers' compensation insurance, much less that defendant agreed to provide it. As we have already held, however, the evidence reasonably supports a finding that defendant agreed to "take care of" plaintiffs' request for workers' compensation coverage. Under the circumstances, we cannot say that, as a matter of law, defendant did not have a duty to explain that the insurance it procured for plaintiffs did not include workers' compensation coverage.

The trial court erred in granting defendant's motion for summary judgment.

Reversed and remanded.