PER CURIAM.
After this court affirmed[1] a summary judgment on liability against Lon Worth Crow Insurance Agency for failure to procure proper insurance to effectuate a Letter of Credit, the matter recurred in the trial court on the issue of damages. The trial court entered a summary judgment adverse to the plaintiff, and a cost judgment. Both of these orders are under review in this matter.
It is clear that the plaintiff, but for the failure of Lon Worth Crow Insurance Agency to secure the proper insurance, would have been paid by the issuing bank on a Letter of Credit. Subsequent events may mitigate the amount of damages, but the plaintiff was clearly prevented from collecting on the Letter of Credit because of the failure of Lon Worth Crow to perform its contract to secure the insurance, which it knew was necessary to effectuate the Letter of Credit. Its liability is the damages that necessarily, and consequentially, flowed from the breach, to wit: the failure to provide the necessary insurance negated the Letter of Credit and prevented payment of same. Travelers Ins. Co. v. Wells, 633 So.2d 457 (Fla. 5th DCA 1993); Glades Oil Co., Inc. v. R.A.I. Management, Inc., 510 So.2d 1193 (Fla. 4th DCA 1987).
Therefore the final summary judgment and cost judgment are reversed and remanded for further proceedings consistent with this opinion.

. Lon Worth Crow Insurance Agency v. International Food, 630 So.2d 218 (Fla. 3d DCA 1994).