Argued and submitted April 21, affirmed November 22, 1995

In the Matter of the Complying Status of
Doris Mitchell, Employer,
*and*

In the Matter of the Compensation of
Michael D. Blevins, Claimant.

Michael D. BLEVINS,
*Petitioner,*

*v.*

Doris MITCHELL;
SAIF Corporation; and
Department of Consumer and
Business Services,
*Respondents.*

(92-03349 and 92-04677; CA A85779)

906 P2d 293

Anita C. Smith argued the cause for petitioner. With her on the brief was Estell and Bewley.

E. Jay Perry argued the cause and filed the brief for respondent Doris Mitchell.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Michael O. Whitty, Special Assistant Attorney General, waived appearance for respondent SAIF Corporation.

Stephanie Striffler, Assistant Attorney General, argued the cause for respondent Department of Consumer and Business Services. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Claimant seeks review of an order of the Workers' Compensation Board that denied him benefits for injuries that he sustained while working on a house that he had been employed to remodel. Claimant asserts that the board erred as a matter of law in holding that he was exempt from workers' compensation coverage under ORS chapter 656. We review the board's order for errors of law, ORS 183.482(8)(a), and affirm.

Under ORS 656.027, all workers are subject to the workers' compensation laws in ORS chapter 656, unless excluded as a nonsubject worker. A nonsubject worker is defined to include a

"worker employed to do gardening, maintenance, repair, remodeling or similar work in or about the private home of the person employing the worker."

ORS 656.027(2). In this case, the board found that the house on which claimant was working was his employer's "private home," as that term is used in ORS 656.027(2). It therefore held that claimant was not subject to workers' compensation coverage.[1]

The parties do not dispute the board's findings. Claimant suffered an injury while remodeling a house owned by employer. Employer had repossessed the house in 1985 when a purchaser defaulted on a land-sale contract. The house remained vacant between 1985 and 1991, by which time the house had become unhabitable. In late 1990 or early 1991, a person named Holloway approached employer and offered to make repairs to the house in exchange for living in it. Employer and Holloway agreed that Holloway would remodel the house as an offset against "rent" of $300 per month. Employer had not planned to rent the house before being approached by Holloway.

Employer told Holloway that she intended to live in the house after it was remodeled. Towards that end, she purchased homeowner's insurance and changed the address on her driver's license to that of the house. The agreement

---

[1] The board also found that claimant was not an independent contractor; employer does not contend otherwise.

between Holloway and employer advanced her goal of living in the house, by discouraging vandalism, which had plagued the house while it stood vacant, and by furthering its remodeling.

Holloway began living in the house in March 1991. In August 1991, employer wrote Holloway a letter demanding the August rent; she subsequently evicted him. Claimant, whom employer also had hired to do remodeling on the house, suffered an injury there on September 7, 1991.

Claimant asserts that he is a subject worker and that the board erred in concluding that employer's house was a private home. In *Fincham v. Wendt*, 59 Or App 416, 651 P2d 159, *rev den* 294 Or 149 (1982), we addressed the "house-holder" exemption in ORS 656.027(2) for people who employ workers to perform services on private homes. We held in *Fincham* that a worker engaged in remodeling an outbuilding on a "hobby farm" was subject to workers' compensation coverage, because the outbuilding was used for commercial purposes. *Id.* at 423.

■ In so doing, we explained that the householder exemption is premised on the principle that workers' compensation insurance is intended to spread to consumers of goods and services the cost of workplace injuries, by making the cost of the insurance a cost that can be reflected in the price of those goods and services. *Id.* at 422 (citing *Woody v. Waibel*, 276 Or 189, 194, 554 P2d 492 (1976)). For the principle to work as intended, the employer who is required to obtain that insurance must be someone whose covered employees are producing goods or services for a market. Otherwise, the cost of the insurance will be borne by the employer and not by consumers, because there will be no consumers to whom the cost of insurance can be passed. Under that regime, a house-holder who employs people to work on her home is not someone who is required to obtain workers' compensation insurance for those employees, because she is not a producer of goods or services. Rather, she is a consumer of goods and services who will not be able to pass the cost of workers' compensation insurance for her employees to others. *See, e.g., id.* at 422-23; Arthur Larson, *The Law of Workmen's Compensation* § 50.25 (1991).

Applying those principles to this case, we hold that the board did not err in concluding that employer's house was a private home and that the householder exemption in ORS 656.027(2) applies to claimant. Employer entered into the transaction with Holloway not to produce income, but to obtain remodeling services so that she could live in the house and caretaking services to protect the house against vandalism. She did not try to rent the house before being approached by Holloway, and she did not do so after evicting him. Notwithstanding her arrangement with Holloway, the house did not enter the stream of commerce and did not lose its character as a private home.[2]

In summary, employer was not using her house to produce income. She was having it remodeled in order to live in it. On those facts, the board did not err in concluding that employer's house was a private home for purposes of ORS 656.027(2).

Affirmed.

---

[2] Claimant also cites *Caddy v. SAIF*, 110 Or App 353, 822 P2d 156 (1991), for the proposition that a homeowner must live in the house at the time of the injury in order for the householder exemption to apply. Claimant's reliance on that case is misplaced. In *Caddy*, we held that the householder exemption was inapplicable, not because the employer did not live in the house, but because the claimant was building a new house, an activity not listed in ORS 656.027(2). *Id.* at 357. In the present case, claimant was remodeling an existing house, an activity listed in ORS 656.027(2). Therefore, the reasoning in *Caddy* supports the conclusion that the householder exemption applies on the facts of this case.