PER CURIAM.
Bill Eyerly Insurance, Inc., William C. Ey-erly and Cappleman Agency, Inc., (collectively called “Eyerly”) appeal a final summary judgment in favor of Troy and Sarah Gregory. We reverse.
Troy Gregory became seriously ill from eating contaminated food while a guest at Lake Susan Lodge. He later filed suit against Anthony Connor d/b/a Lake Susan Lodge, and obtained a default. Connor, together with counsel, made an appearance in the case after the default but failed to move to set aside the default or answer the complaint. Connor asserted that Lake Susan Lodge was not owned by him, but was owned by a Florida corporation, Bro-Con, Inc., which was voluntarily dissolved on the same date the default was entered. When a judgment for damages of $317,000 and costs of $1,586.20 was entered against Connor, he appealed, asserting that the judgment of $318,586.20 was incorrectly entered against him rather than Bro-Con. The Gregorys prevailed in a per curiam affirmance. Connor v. Gregory, 559 So.2d 1151 (Fla. 5th DCA 1990).
The Gregorys then obtained a writ of execution for the $318,586.20 judgment against Casualty Indemnity Exchange (“CIE”), Lake Susan Lodge’s insurance company, who insured both Bro-Con, Inc. and Connor. CIE denied liability, claiming that it never received notice of the Gregory claim, and sought a declaratory judgment confirming its position. It also filed an indemnity suit against Eyerly based on Eyerly’s failure to forward the original summons and complaint to CIE.
The Gregorys also filed a separate negligence and breach of contract action against Eyerly and Connor regarding the alleged failure to timely notify CIE. Connor in turn sued Eyerly, but then assigned his cause of action to the Gregorys for a covenant not to execute on their judgment against him.
In the Gregory suit against CIE, CIE was eventually found liable under its policy based on the trial court’s finding that Eyerly “was clothed ... with apparent authority to receive such notice,” to wit: the summons and complaint, on behalf of CIE. The trial court entered a final judgment in favor of the Gregorys and awarded them $423,528.20. This sum represented the policy limits of $300,000, plus interest accrued from the date of the money judgment against Connor and *295 taxable costs of $1,586.20. CIE appealed this final judgment but during the pendency of the appeal, the Gregorys and CIE entered into a settlement and release agreement in which the latter agreed to pay the Gregorys $310,000 in settlement of any and all other claims they had against CIE. The $310,000 payment represented the $300,000 limit on the CIE policy and $10,000 for costs and attorney’s fees. As part of the settlement and release, the Gregorys preserved their claim against Eyerly within certain parameters.
Pursuant to the settlement agreement, the Gregorys then amended their claim against Eyerly by seeking recovery of the remaining $17,000 of their original $317,000 judgment against Connor and $123,528.20, representing taxable costs and the interest on the $300,000 CIE policy limits from the time of the original Connor judgment until the daté of the final judgment entered against CIE. Moving for summary judgment, the Gregorys argued that based upon binding factual findings in prior judgments against CIE and Eyerly, they were entitled to this judgment as a matter of law. The trial court granted summary final judgment in favor of the Grego-rys. Eyerly now appeals from that final judgment determining it to be liable both for the $17,000 awarded to Connor in excess of the CIE policy limits of $300,000, and the amount of $113,528.20, a claim largely based on the accrual of interest on the portion of the Connor judgment within the CIE policy limits.
THE EXCESS JUDGMENT CLAIM
We affirm the excess judgment of $17,000 plus interest. The excess judgment, the trial court found, occurred not because of the underlying negligence of the insured, Connor, but because of the fact that Eyerly failed to notify CIE of the claim which ultimately resulted in an inadequate defense being provided by Connor’s attorney. Where damages are attributable to an insurance agent’s breach of contract or negligent failure to provide coverage and not to the underlying contingency insured against, an excess claim above the policy limit is recoverable against the agent. Cf. Glades Oil Co., Inc. v. R.A.I. Management, Inc., 510 So.2d 1193, 1195 (Fla. 4th DCA 1987). Here, the excess judgment was found to have been the direct product of Eyeries negligence in failing to forward the complaint to CIE. We find the trial court did not err in finding the Grego-rys, as Connor’s assignee, were entitled to recover the $17,000 excess judgment against Eyerly based on his failure to properly process the claim.
THE INTEREST CLAIM
Eyerly correctly argues that recovery against it for the amount of $113,528.20[1] is prohibited by the settlement and release agreement entered into by the Gregorys and CIE. The Gregorys obtained a judgment against CIE for $423,528.20. Rather than attempting to collect on the judgment, the Gregorys accepted $310,000 from CIE. The settlement represented, according to the parties’ agreement, “a payment of policy limits of $300,000.00 for claims under the policy as well as payment of $10,000.00 for settlement of all other claims including costs and attorney’s fees.” The trial court found that the Gregorys were entitled to collect from Eyerly $113,528.20, a sum, which as noted, largely consists of interest on the Connor judgment and a sum which is also the difference between the amount of the Gregorys’ judgment against CIE and the amount of their settlement. The Gregorys, however, as part of the settlement, signed a release in which they reserved the right to pursue Eyerly only for those claims “which were not recoverable against” CIE. (Emphasis added.)
The Gregorys, pursuant to their settlement and release agreement with CIE, have no claim against Eyerly for the interest which accrued on the $300,000 between the dates of the Connor and CIE judgments nor any claim for the taxable costs of $1,586.20 because these amounts were not demonstrated to be “not recoverable against” CIE. The fact *296 that the Gregorys chose to settle their judgment against CIE for $310,000 in no way establishes that recovery against CIE was not possible. The $310,000 settlement amount simply indicates that CIE agreed to pay the limits of its policy and $10,000 in assorted costs, and that the Gregorys agreed to this payment as satisfaction of their claim, despite the fact that they had a final judgment against CIE in the greater amount of $423,528.20.
The final summary judgment in the Grego-rys’ favor is affirmed as to the $17,000 excess judgment (and interest thereon), but reversed as to the claim for $113,528.20.
AFFIRMED IN PART; REVERSED IN PART.
GRIFFIN, C.J., PETERSON and THOMPSON, J., concur.

. This amount consists of the sum of the $1,586.20 in taxable costs and the interest on $300,000 from the time of the Connor judgment to the time of the CIE judgment, less the $10,000 that the Gregorys accepted from CIE in settlement for costs and attorney's fees — it is also the difference between the CIE judgment and the amount the Gregorys settled for with CIE.