Argued and submitted October 20, 2000, affirmed February 13, 2002

## Margaret LEWIS-WILLIAMSON,
*Appellant,*

*v.*

## GRANGE MUTUAL INSURANCE COMPANY,
an Oregon corporation,
and James Clute
dba James Clute Insurance Agency,
*Respondents.*

CV 98382; A108634

39 P3d 947

Peter R. Chamberlain argued the cause for appellant. With him on the briefs was Peter Bangay, Jr.

Daniel R. Lindahl argued the cause for respondents. With him on the brief was Bullivant Houser Bailey.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

In this negligence action arising out of the alleged undervaluation of plaintiff's residence in a homeowners insurance policy, plaintiff appeals from a judgment for defendant Clute, the insurance agent, and defendant Grange Mutual Insurance, the insurance company, assigning error to the trial court's entry of summary judgment for defendants. Because we conclude that the trial court correctly concluded that defendants are entitled to judgment as a matter of law, we affirm.

Plaintiff first acquired homeowners insurance from defendant Grange Insurance in 1981. In 1991, defendant James Clute, dba James Clute Insurance Agency (Clute), became claimant's "agent of record." It is undisputed that Clute is a "captive" agent, meaning that he writes property insurance exclusively for Grange Insurance unless Grange Insurance does not offer the requested insurance, in which case Clute is authorized to seek coverage from another insurance company.

In 1991, plaintiff's homeowners insurance policy with Grange Insurance included replacement cost coverage for the residence up to $200,000. The parties agree that in 1996, after a Grange Hall meeting, plaintiff approached Clute and asked him to change her homeowners policy to provide replacement cost coverage of at least twice the existing coverage. Clute inspected the exterior of plaintiff's residence and tried on one occasion to inspect the interior, but he did not walk up to plaintiff's front door because of the presence of plaintiff's large dog. Based on his exterior inspection and a telephone conversation with plaintiff, Clute recommended to plaintiff that she increase her coverage on the residence to $510,000. Plaintiff agreed with the recommended coverage amount, relying on Clute's judgment as to the replacement cost of the residence. In late 1996, plaintiff executed a new insurance contract providing coverage of $510,000 on the residence.

In May 1998, the residence was completely destroyed by fire. Plaintiff alleges that the actual cost to replace the residence was at that time approximately $700,000. She

brought this negligence action against Clute, and against Grange Insurance under a theory of vicarious liability, seeking to recover from defendants the difference between the policy limits and the alleged cost to replace the residence.

In granting defendants' motion for summary judgment, the trial court considered it dispositive that Clute wrote property insurance only for Grange, concluding for that reason that, as a matter of law, Clute was not plaintiff's agent and therefore owed her no duty of care. In the alternative, the trial court held that there had been no breach of duty by Clute. Because we affirm the trial court's ruling that Clute had no duty to exercise reasonable care in the valuation of plaintiff's home, we do not reach the question whether Clute breached that duty.

■■■ When a claim based on negligence seeks recovery for economic damages only, the claim must be predicated on some duty of the negligent actor to the injured party beyond the common-law duty to exercise reasonable care to prevent foreseeable harm. *Onita Pacific Corp. v. Trustees of Bronson*, 315 Or 149, 159, 843 P2d 890 (1992). There are certain relationships that give rise to that enhanced duty. Among them is the duty of an agent to act with due care and in the principal's interest. *See Hampton Tree Farms, Inc. v. Jewett*, 320 Or 599, 617, 892 P2d 683 (1995). Specifically, an insurance agent acting as an agent for the insured owes a general duty to exercise reasonable skill and care in providing the requested insurance. *See Joseph Forest Products v. Pratt*, 278 Or 477, 480, 564 P2d 1027 (1977), *quoting* 16 Appleman, *Insurance Law and Practice* § 8841, at 510-14 (1968); *Hamacher v. Tumy et al.*, 222 Or 341, 347, 352 P2d 493 (1960); *see also Nofziger v. Kentucky Central Life Insurance Co.*, 91 Or App 633, 639, 758 P2d 348, *rev den* 306 Or 527 (1988); *Albany Ins. Co. v. Rose-Tillman, Inc.*, 883 F Supp 1459 (D Or 1995).

■■ Other special relationships also involve an enhanced obligation of care and typically arise when one party has hired another in a professional capacity and the other is acting, at least in part, to further the economic interest of the "client." In such a circumstance, the person to whom the duty is owed often defers to the professional judgment of the other

person, relinquishing a certain amount of control over the decision-making process. *See Conway v. Pacific University*, 324 Or 231, 240-41, 924 P2d 818 (1996). Additionally, the Supreme Court has said that certain contractual relationships can give rise to a duty to exercise reasonable care independently of the terms of the contract, depending on whether the terms of the contract create the type of relationship that gives rise to such a duty. *See Conway*, 324 Or at 240; *Georgetown Realty v. The Home Ins. Co.*, 313 Or 97, 104, 831 P2d 7 (1992). Unless otherwise established by law, the nature of the relationship must be decided on a case-by-case basis, depending on the facts. Whether the relationship is one that gives rise to an enhanced duty is a question of law. *Oregon Life and Health v. Inter-Regional Financial*, 156 Or App 485, 967 P2d 880 (1998); *see, e.g., Conway*, 324 Or at 237; *Onita Pacific*, 315 Or at 160.

■ In this case, then, our first inquiry is whether the record on summary judgment presents questions of fact on the nature of the parties' relationship and whether it was "special," either because Clute was acting as plaintiff's agent or because of some other circumstances that imposed on Clute a special responsibility to plaintiff to exercise reasonable care in estimating the replacement cost of her home in the process of updating her insurance policy.

■■ The facts are largely undisputed. The record on summary judgment shows that Clute was a "captive" agent, meaning that he wrote property insurance only for Grange Insurance but that he could work through another insurance company if Grange Insurance did not provide the requested coverage. Thus, if plaintiff had requested coverage not provided by Grange Insurance, Clute could have worked through a different insurance company to provide that coverage. Generally, an *independent* agent or broker is viewed as an agent of the insured and owes a duty of reasonable care to the principal insured. *See Hamacher*, 222 Or at 347. We agree with the trial court, however, that, because there is no evidence that Clute held himself out as an independent agent, and the only insurance requested by plaintiff was property insurance, which Clute wrote only for Grange Insurance, Clute was exclusively Grange Insurance's agent

and could not be considered plaintiff's agent with respect to Grange Insurance's line of property insurance.

We further conclude that Clute and plaintiff had no other special relationship that could give rise to negligence liability. In *Conway*, the Supreme Court explained:

"Another way to characterize the types of relationships in which a heightened duty of care exists is that the party who owes the duty has a special responsibility toward the other party. This is so because the party who is owed the duty effectively has authorized the party who owes the duty to exercise independent judgment in the former party's behalf and in the former party's interest. In doing so, the party who is owed the duty is placed in a position of reliance upon the party who owes the duty; that is, because the former has given responsibility and control over the situation at issue to the latter, the former has a right to rely upon the latter to achieve a desired outcome or resolution."

324 Or at 240. To paraphrase the Supreme Court's explanation in *Conway*, a party has a heightened duty toward another when that party is acting, at least in part, to further the economic interests of the other by virtue of the other's relinquishment of control of the situation and consequent right to rely on the first party to achieve the desired outcome or resolution.

Here, we conclude that, although the record on summary judgment shows that plaintiff placed her trust and reliance on Clute to take care of her insurance needs, she had no right to rely on him and he had no duty to act for her economic benefit; accordingly, no special relationship existed between plaintiff and Clute. Viewing the record in the light most favorable to plaintiff, it shows that Clute attended Grange Hall meetings and that he discussed insurance matters with Grange Hall members after meetings. Grange Insurance was available to Grange Hall members only. Clute had been plaintiff's "agent of record" since 1991. Plaintiff, who was 78 years old at the relevant time, chatted with Clute about her insurance needs one evening in the Grange Hall after a meeting. It was a casual conversation. Other people were present. Plaintiff told Clute that she wanted her coverage "upped" to at least double and that she wanted the home to be insured for its replacement cost. She referred to Clute

by his first name, "Jim." Clute never made an appointment to inspect plaintiff's home but instead said he would "stop by" before the meeting, an indication of the casual nature of their relationship. He estimated the value of the home based on his exterior inspection and a telephone conversation with plaintiff. She deferred to Clute's expertise and found the estimated replacement value to be acceptable. Plaintiff trusted Clute and never inquired again as to the terms of her coverage until after the house was destroyed by fire.

Although plaintiff trusted Clute to take care of her insurance needs, there is no evidence that she had reason to expect, other than through her trusting nature, that he would work on her economic behalf. He was not *her* insurance agent, because he wrote insurance exclusively for Grange Insurance. He may have been available to her for her convenience by virtue of his presence at Grange Hall meetings, but that was for the *economic* benefit of Grange Insurance and himself and not plaintiff. The fact that she trusted him and deferred to his judgment does not make him her agent or show that he was acting on her behalf. We accordingly affirm the trial court's determination that plaintiff and Clute had no special relationship that gave rise to a duty to exercise reasonable care in estimating the replacement cost of plaintiff's home.

In view of our affirmance of the trial court's summary judgment ruling on the ground that the parties had no relationship that gave rise to a heightened standard of care, Clute had no duty that he could have breached in estimating the replacement cost of plaintiff's home.

Affirmed.